# South & North Alabama Railroad Co. v. Schaufler.

*Action by Passenger against Railroad Company for Personal Injuries.*

1. *Action against railroad company for personal injuries; variance.* Where, in an action by a passenger against a railroad company, to recover damages for personal injuries, the complaint alleges that the plaintiff "was *compelled* and *forced* by the agents of said defendant to get off defendant's train while in motion, and before said train had reached the usual place at the depot," and that injuries sustained by him were produced by the negligence of defendant's agents "in *compelling* and *forcing*" him to get off the train, the gravamen of the action is the alleged force, and is not sustained by evidence merely, that, when the train was approaching the platform at the depot, the conductor came towards him in the car, crying out the name of the station, and saying,

[South & North Alabama Railroad Co. v. Schaufler.]

"We have got no time, hurry up," and that this was repeated by the conductor several times while the plaintiff was making his egress from the car, and before he stepped from the moving train; such words not being susceptible of a construction which would impute to the conductor any purpose to force or compel the plaintiff to prematurely alight from the train, or to put himself in the slightest peril in leaving it.

2. *Same; contributory negligence.*—A passenger on a railroad train, who, encumbered with hand-baggage, steps from the train on a dark night, while it is moving at the rate of six or eight miles per hour, before it has reached the platform of a regular station, at which he was to get off, and with the locality of which he is acquainted, against the advice of the conductor, and without reason to believe that the train would not stop, as usual, at the platform, is guilty of contributory negligence, which bars him from recovering damages for personal injuries sustained in stepping from the train.

3. *Same; advice or direction of conductor no excuse for plaintiff's negligence.*—Where an adult passenger leaves a moving train under the advice or direction of the conductor in charge of the train, and, in leaving the train, receives personal injuries, it seems to be settled by the authorities, that such advice or direction, though plain and unambiguous, can not be held to excuse an act of negligence on the part of the passenger, which is so opposed to common prudence as to make it an obvious act of recklessness or folly.

4. *Same; whether negligence is excused by advice of conductor, when a question for the jury.*—It seems also to be settled by the authorities, that if, in such case, the act advised to be done is one, in the doing of which the danger would not be apparent to a person of reasonable prudence, and the passenger acts under the influence of such advice, given by the conductor or manager in the line of his ordinary duties, it becomes the province of the jury to say how far the plaintiff's negligence may be excused.

APPEAL from Cullman Circuit Court.

Tried before Hon. LeRoy F. Box.

This was an action by Charles Schaufler against the South & North Alabama Railroad Company, a domestic corporation, to recover damages for personal injuries sustained by him while a passenger on the defendant's train. The defendant's pleas are not set out in the record, but the judgment entry recites that the cause was tried on issues joined on the plea of not guilty and on a "special plea of contributory negligence." The trial resulted in a verdict and judgment for the plaintiff; and from the judgment rendered the defendant took this appeal. The facts disclosed by the evidence, so far as necessary to an understanding of the points decided, are sufficiently stated in the opinion. The first and fifth charges referred to in the opinion, as having been requested by the defendant, and refused by the court, are as follows: 1. "If the jury believe the evidence, they will find for the defendant." 5. "The court charges the jury, that if they believe from the evidence, that the plaintiff, Schaufler, was not forced and compelled to get off defendant's train in any other manner than as testified to by himself, then he can not recover in this action, and they must find for the defendant." The defendant re-

served exceptions to the refusal to give these charges, and also to several charges given at the plaintiff's request, which the opinion does not render necessary to set out.

The rulings above noted are among the errors here assigned.

THOS. G. JONES and J. M. FALKNER, for appellant. (1) The plaintiff declared upon an injury arising from a jump, which, plaintiff avers in his complaint, defendant's agent *compelled* and *forced* him to take. There was neither actual nor moral force or compulsion; and without this, the injury declared on in the complaint was not made out. It was not necessary for the plaintiff to allege that the injury was caused by force and compulsion, but, having entered into this unnecessary particularity, and the defendant having taken issue thereon, the plaintiff was bound to prove his case as alleged. *Smith v. Causey*, 28 Ala. 655. (2) The general rule is, that where the facts are undisputed, negligence is a pure question of *law* for the court, unless, the facts being admitted, the case is such that reasonable men may properly differ as to the conclusion to be drawn from them, when the court may, and, perhaps, ought to submit the question to the jury. By all the authorities, when facts are such that all reasonable men would be likely to draw from them the same inference, the question is one purely of law for the court, and it is error to submit it to the jury.—*Fernades v. S. R. Co.*, 52 Cal. 45. There are certain acts and omissions which, of themselves, are deemed negligence *per se;* and, when proved, make it the duty of the court to order a nonsuit, or direct a verdict. See *Gonzalez v. N. Y. & H. R. R. Co.*, 38 N. Y. 442; *M. & C. R. R. Co. v. Copeland*, 61 Ala. 376; *Central R. R. & B. Co. v. Letcher*, 69 Ala. 106; *Gothard v. Ala. Great Southern R. R. Co.*, 67 Ala. 119. Among the acts which, as matter of law, are denounced as negligence *per se*, is the leaving of a car while in motion; and it requires a nonsuit, or the withdrawal of the case from the jury.—*Gavett v. M. & L. R. R. Co.*, 16 Gray (Mass.), 501; *R. & D. R. R. Co. v. Morris*, 31 Gratt. 200; *Railroad Co. v. Aspell*, 23 Pa. St. 147; *O. & M. R. R. Co. v. Schiebe*, 44 Ill. 461; and authorities *supra*. (3) Even if McCants, the conductor, had invited the appellee to get off the train at the time he jumped, it would not excuse the appellee for attempting to do so. The rule is well settled, that, notwithstanding the direction, invitation, or assurance of the servant or agent of the carrier, the plaintiff will not be excused in following it, if the act involves a *known* and reckless exposure of himself, or is one which a man of common prudence would not do.—*P., C. & St. L. R. R. Co. v. Krouse*, 30 Ohio St. 222; *C. B. & Q. R. R. Co. v. Hazzard*, 26 Ill. 385. See also *R. R. Co. v. Aspell*,

23 Penn. St. 147; *C. & A. R. R. Co. v. Randolph*, 53 Ill. 511. The general charge in favor of the defendant should, therefore, have been given. See also on the defendant's right to this charge, *Improvement Co. v. Munson*, 14 Wall. 442; Whart. on Law of Negligence, § 420; Pierce on Railroads, note 1, p. 312; *Central R. R. & B. Co. v. Letcher*, 69 Ala. 106.

H. L. WATLINGTON, *contra.*—(1) If the action of the conductor was as testified to by the plaintiff, it amounted to gross negligence, nay, wantonness or recklessness; and the plaintiff is entitled to recover.—*Tanner v. L. & N. R. R. Co.*, 60 Ala. 637; *M. & O. R. R. Co. v. Malone*, 46 Ala. 392; *N. & D. R. R. Co. v. Comans*, 45 Ala. 437; *Grant v. Moseley*, 29 Ala. 302; *Hussey v. Peebles*, 53 Ala. 432; 1 Chit. on Plead. 129. (2) It is shown by the testimony of the conductor, that his action caused the plaintiff to leave his seat, prepare to leave the car, proceed through the car door, and place himself on the bottom step of the car, a place of great peril and danger; and while the witness may have then made an effort to save the plaintiff, yet, it was through the conductor's recklessness, that these efforts became necessary; and he was bound to do all he could to assist plaintiff, although the plaintiff was in fault. *Phares v. Stewart*, 9 Port. 336; *Grant v. Moseley*, 29 Ala. 302; 45 Mo. 255; 48 Ill. 221; 49 Ill. 490; 38 Ill. 370; 43 Miss. 233; 24 Ga. 75; 27 Ga. 113; 60 Ala. 638; and authorities *supra.* (3) If compulsion existed, contributory negligence can not successfully be invoked.—Wharton's Law of Negligence, §§ 3, 94, 95, 301, 307, 308, 376; *Gov. St. R. R. Co. v. Hanlon*, 53 Ala. 70. The whole doctrine of contributory negligence is, that a plaintiff can not recover for an injury which is more occasioned by, or results from his own negligence, than from the wrong of the defendant.—Shear. & Red. on Neg. 481, 485, 487, and authorities there cited. The plaintiff's default or want of care is no defense, if brought about by the action of the defendant.—1 Hill. on Torts, § 170. And the question as to what is ordinary care, must depend upon the circumstances of each case.—1 Hill. on Torts, § 137. (4) Contributory negligence is a matter of defense, and should be pleaded; and the burden of proof rests with the defendant. *S. & M. R. R. Co. v. Shearer*, 58 Ala. 672.

SOMERVILLE, J.—The present suit is one for damages, instituted by the appellee, who was a passenger on the defendant's railroad train, having paid his fare for transportation to Cullman, a station or depot on the line of the road within this State. The averment of the complaint is, that the plaintiff, without any fault of his own, "was *compelled and forced* by

the agents of said defendant to get off defendant's train while in motion, and before said train had reached the usual stopping place at said depot," and that the plaintiff's injury was produced by the negligence of defendant's agents "*in compelling and forcing* said plaintiff to get off defendant's train." It is obvious that the whole gravamen of the action is made to lie in the alleged forcible ejection of the plaintiff from the passenger car by the agents or servants of the defendant railroad company. Whether the complaint be regarded, in form, as declaring in trespass or trespass on the case, is immaterial. It is equally unimportant that the averment in question was unnecessary in order to have fixed the liability of the defendant. It was necessary to allege some act of wrong on the part of defendant, or its agents, some act of omission or commission, constituting a *tort*, or breach of legal duty, before a recovery could be had by the plaintiff. This was requisite in order that the defendant might have notice of the nature of the case which he was called on to defend. The plaintiff has elected to state his own ground of action, and if, in doing so, he has stated a particular fact, and, by his mode of statement, has inseparably connected it with the substance of the issue, so as to render proof of it essential, it is a misfortune of his own, which can not be justly visited upon his adversary.

We fail to discover in the record any evidence tending to support this averment of the complaint. There is no fact stated which tends to prove that the plaintiff was compelled or forced in any manner by defendant's agents, or by any one else, to leave the train. The only part of the evidence which is invoked in argument, as giving any color of support to this view of the case, is the statement, testified to by the plaintiff himself, that when the passenger train was approaching the platform at the station, the conductor came towards him in the car, where he was seated, crying out the name of the station and saying, " *We have got no time, hurry up !*" and that this ejaculation was repeated several times while the plaintiff was making his egress from the car and before he stepped from the moving train a few minutes afterwards, thus receiving his injury. It is not only proper, but it becomes necessary for us to say that these words, alleged to have been used by the conductor, are not susceptible of a construction which would impute to him any purpose to force or compel the plaintiff to prematurely alight from the train, or to put himself in the slightest peril in leaving it. There was, for this reason, a material disagreement between the allegation of the complaint and the proof, which constituted a fatal variance. The substance of the issue, as made by the pleadings, is unsupported by any evidence found in the record. The court erred, there-

[South & North Alabama Railroad Co. v. Schaufler.]

fore, in refusing to give the first and fifth charges requested by the defendant, which properly raise this feature of variance. The several charges also given at the request of the plaintiff, which seem to have been based upon the supposed existence of any force, compulsion, or terror exercised by the conductor upon the plaintiff, were clearly misleading, and should not have been given.

In view of the errors above stated, the judgment of the circuit court must be reversed, and the cause remanded. We proceed to state a few principles, pertinent to the rulings of the court as found in this record, which may serve to facilitate the promotion of justice, and for the guidance of the court and jury upon another trial.

It is plain that the first inquiry must be as to whether the agents of the defendant have been guilty of any tort, wrongful act, or negligence, which has resulted in producing the injury received by the plaintiff. If there has been no wrongful act of omission or commission, such as constitutes a violation of legal duty on the part of the defendant, or its agents who were in charge of the train at the time of the accident, no recovery of damages by the plaintiff can be had, whatever may be the extent of his injury. So, if it be shown that the defendant, or its servants were guilty of such wrongful act, but that this act had no legal connection with the injury received, so as to have operated to produce it as a natural and proximate consequence, there is no liability cast on the defendant, and this must be an end of the case.

If, however, it is ascertained that the defendant or its servants have been guilty of some wrong or negligence, the question then is : (1) Whether the damage complained of was occasioned entirely by the negligence or wrongful act of the defendant, or such servants; or (2) whether the plaintiff, by his own negligence, or want of ordinary care and prudence, has so far contributed to his own misfortune, that; but for such contributory negligence on his part, the misfortune or injury complained of as the basis of his action would not have happened.—*Ala Gr. S. Railroad Co. v. Hawk*, 72 Ala. 112, and cases cited ; *Railroad Co. v. Jones*, 95 U. S. 439. In the first contingency the plaintiff may be entitled to recover, but in the second he is not.

In considering the question of contributory negligence on the part of the plaintiff, it is competent for the jury to consider what was said by the conductor at or about the time of the accident. If the testimony of the conductor, McCants, be taken as true—which seems to be fully corroborated by Johnson, the conductor of the sleeping car—asserting that he told the plaintiff to " hold up, the train was going to stop," it is quite apparent that the injury received by the plaintiff was the

result of his own want of prudence and caution, without which it could not have happened, and that he would be barred of a recovery. The law would not tolerate that a passenger, who was encumbered with articles of hand-baggage, should prematurely step from a train of moving cars in the darkness of night, while running at the speed of six or eight miles per hour, against the advice of the conductor in charge, when he had no reason to believe that the train would not stop as usual at the platform of a regular station, with the locality of which he is shown to have been acquainted. This would be an act of carelessness by which he himself might clearly be adjudged to be the author of his own injury.—Shear. & Red. Negl. §§ 281, 283 ; *Central Railroad, etc., Co. v. Letcher*, 69 Ala. 106 ; *Ala. Gr. Sr. R. R. Co. v. Hawk*, 72 Ala. 112 ; *Gothard v. Ala. Gr. So. R. R. Co.*, 67 Ala. 114.

The plaintiff, however, denies that he was warned by the conductor to hold up, or not to jump, but that the language used by him was to " hurry up, we have no time," or words of this import. This conflict in the evidence is not to be dealt with by this court, but is to be resolved by the jury upon the usual principles by which the credibility of witnesses should be determined. We have no right to assume that they will not do this upon their consciences as upright men, free from the influence of every prejudice, as it will be their sworn duty to do. If, in the discharge of this duty, they can justly arrive at the conclusion that the statement of the plaintiff on this point should be believed, rather than that of the two other witnesses, by whom he is contradicted, the question will arise as to what effect the language used by the conductor will operate to excuse the conduct of the plaintiff, so as to exempt him from the imputation of contributory negligence. If the conductor told the plaintiff to " hurry up, we have no time," would this excuse the premature egress of plaintiff from the passenger car, in a manner which would have been an act of inexcusable negligence without such direction or declaration by the conductor ?

There are numerous cases where the question has been considered as to the effect of *advice* or *directions* given to passengers by conductors, or others in the management of vehicles and railroad trains. Two propositions seem to be settled by the authorities, which may be stated as follows : *First*, such advice, even though plain and unambiguous, can not be held to excuse an act of negligence on the part of an adult passenger, which would be so opposed to common prudence as to make it an obvious act of recklessness or folly.—*Railroad Co. v. Jones*, 95 U. S. 439 ; Shear. & Red. Negl. § 282. *Second*, where the act advised to be done is one where the danger would not be

[Lake & Marshall v. Gaines & Co.]

apparent to a person of reasonable prudence, and the passenger acts under the influence of such advice, given by the conductor or manager in the line of his ordinary duties, it becomes the province of the jury to say how far the plaintiff's negligence may be excused.—*Lambeth v. N. C. Railroad Co.*, 66 N. C. 494; *Cleveland, etc., R. R. Co. v. Manson*, 30 Ohio St. 451; *McIntyre v. N. Y. Cen. R. R. Co.*, 37 N. Y. 287; *Penn. Railroad Co. v McCloskey*, 23 Penn. St. 526; Woods' Fields' Corp. (2nd Ed.) § 497, p. 756, *note.*

We can not know under which of these principles the case may be made to fall by the evidence introduced on another trial. We do not seek, therefore, to make any application of them in detail. This we leave to the wisdom of the court below, without further discussion.

Reversed and remanded.