# Highland Avenue & Belt Railroad Co. v. Winn.

*Action by Passenger against Railroad Company, for Damages on account of Personal Injuries.*

1. *Negligence, and willful misconduct; variance.*—In an action to recover damages for personal injuries, alleged to have been willfully caused by the defendant's employes in compelling plaintiff, a woman, to leave the car while the train was in motion, a recovery can not be had on proof of simple negligence merely, as by the failure to stop at her destination, or where it appears that she left the car voluntarily on the invitation and pacific insistence of the conductor; but, if she left under protest, and in obedience to his orders, it is not necessary to prove that she was forcibly ejected, or compelled to leave by threats or hostile demonstrations on his part.

2. *Contributory negligence* on the part of the plaintiff is no defense to an action for damages on account of personal injuries caused willfully, or by gross negligence.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Mrs. Sarah D. Winn, to recover damages for personal injuries sustained in alighting from one of the defendant's street cars in Birmingham on the 19th August, 1889; and was commenced on the 2d October, 1889. The opinion states the material averments of the complaint. The only plea was the general issue. The jury gave the plaintiff a verdict for $275. The plaintiff herself testified "that she had been deaf for eighteen years," and that she told the conductor, when she got on the car, that she wanted to alight at the crossing on Avenue D; and the evidence showed that, when she attempted to alight, the train was between Avenues D and E, and was still in motion. There was some conflict in the evidence as to what passed between her and the conductor, but this is immaterial as the case is here presented.

The court gave the following charge to the jury, on request of the plaintiff: "If the jury believe from the evidence that, when plaintiff stepped off the train, it was going at such a rate of speed that she might reasonably believe she could step off without damage or injury, and she stepped off at the command or order of the conductor, whether given by words or motions, her stepping off under such circumstances would not

be negligence on her part, and, of itself, would not prevent her recovering in this action." The defendant excepted to this charge, and also to the refusal of each of the following charges, as asked in writing: (1.) "If plaintiff voluntarily attempted to leave the train while in motion between Avenues D and E, then she was guilty of contributory negligence, and can not recover." (2.) "There is a fatal variance between the allegations and the proof in this case, which will prevent plaintiff from recovering." (3.) "There is no evidence that the engineer knew plaintiff was in the act of alighting from the car." (4.) "Under the complaint in this case, plaintiff is not entitled to recover for the negligence of the conductor in making a sudden jerk of the train." (5.) "If the jury believe that the train had passed beyond the far crossing of the Avenue D, then it was not lawful for the train to stop until it reached another street crossing; and if plaintiff attempted to leave the cars while in motion between the avenues, and was injured while so attempting to leave it, this would be contributory negligence on her part, and would defeat a recovery." (6.) "If the jury believe the evidence, they will find for the defendant." (7.) "Under the allegations of the complaint, the plaintiff is not entitled to recover for any mere acts of negligence by defendant's servants."

The charges given, and the refusal of the charges asked, are now assigned as error.

A. T. LONDON, for appellant, cited *Railroad Co. v. Schaufler*, 75 Ala. 136; *Railroad Co. v. Johnston*, 79 Ala. 436; 94 Ind. 46; 1 Shear. & Redf. Negligence, § 7, note 1; *Railroad Co. v. McKellar*, 59 Ala. 458.

CUMMING & HIBBARD, *contra*.

McCLELLAN, J.—The complaint contains two counts, each claiming damages for injuries alleged to have been sustained by plaintiff in attempting to alight from a slowly moving car of a "dummy" street railway upon which she was a passenger. The first count, after alleging that the plaintiff notified the conductor as to her destination, that the train was not stopped there, but ran a block beyond, and that it then came almost to a stop for the purpose of letting her off, proceeds: "The said conductor ordered plaintiff to get off, which plaintiff refused to do, because the train was not fully stopped, whereupon the said conductor raised his hand in a threatening manner, as if he, the said conductor, intended forcing plaintiff off, ordering plaintiff again to get off; and plaintiff being a

woman, without protection, and through fear of being pushed off by said conductor, attempted to get off, and in so attempting was thrown to the ground, said fall being caused by the wrongful and malicious act of said conductor in failing to have said train completely stopped before requiring or forcing her to get off, whereby plaintiff received great bodily injury," &c. The second count follows the first up to the attempt of plaintiff to get off the train, and continues : . . "and plaintiff, through fear of being forced off, attempted to get off of said train, which at the time was running very slow, but, as plaintiff was preparing to get off, the engineer . . . . caused the engine to make a sudden jerk, whereby plaintiff was thrown to the ground, and then and there by reason of said fall, caused by the above alleged willful and negligent acts of said conductor and engineer, and without fault on the part of this plaintiff, was badly bruised," &c.

It is thus made to appear that each count of the complaint charges that the defendant's employes *willfully* caused the injuries to plaintiff, for which she now seeks to recover damages. Both counts aver that she attempted to get off, after protesting against being required to do so, through fear superinduced by the threatening attitude of the conductor. The first count further avers that the fall she received in making this coerced attempt was caused by the "wrongful and malicious act of the conductor" in requiring or forcing her to get off while the train was in motion; and in the second count, this fall is ascribed to the "willful and negligent acts of the conductor and engineer." The doctrine of this court is that, under such a complaint, no recovery can be had for mere negligence; willfullness, or its equivalent, recklessness or wantonness, must be proved. Thus, in the case of *Louisville & Nashville R. R. Co. v. Johnston*, 79 Ala. 436, it is said : "The *gravamen* of the action, as averred in the complaint, is, that the defendant 'willfully refused to stop' the train of cars at *Alice Station*, the point of plaintiff's destination, and carried her several hundred yards beyond the customary stopping place, where she was compelled to alight, without her consent, and against her protest. It is our opinion that, under this averment of the complaint, there could be no recovery in the action unless the evidence in the cause satisfied the jury that the failure of the defendant's servant to stop the train was willful. If it was merely negligent, without more, there would be a fatal variance between the allegations and the proof."

This principle was adhered to, and re-announced, in the recent case of *Birmingham Min. R. R. Co. v. Jacobs*, 92 Ala. 187, in which it is said, Stone, C. J., delivering the opinion:

[Highland Avenue & Belt Railroad Co. v. Winn.]

"The first count of the complaint charges that 'the defendant, by and through its conductor, engineer, servants and agents, negligently, wantonly, recklessly and willfully caused, permitted and suffered its said train to run into and against the said engine upon which plaintiff's intestate was as aforesaid, knocking it off the track, and so scalding, bruising and wounding plaintiff's intestate that he died in consequence thereof.' This count, in terms, charges that the defendant's train was willfully caused to be 'run into and against the said engine' of the dummy line. There is no testimony tending to show that the collision was 'willfully caused' by defendant's servants, but the trend of the whole testimony repels such inference. The defendant's sixth charge (which was refused) was confined to the first count of the complaint, and, in effect, asserts that the plaintiff failed to establish the truth of that count. This is the identical question which was raised and ruled on in *Johnston's case*, 79 Ala. 436. While the point may be somewhat technical, we do not feel at liberty to depart from the ruling then made. The sixth charge asked ought to have been given.—*Dickson's case*, 88 Ill. 431; 1 Greenl. Ev. §§ 51, 63; *Coulton's case*, 86 Ala. 129; *Guinans' case*, 47 Am. Rep. 279."

A like doctrine was declared in the earlier case of *S. & N. R. R. Co. v. Schaufler*, 75 Ala. 136, where the averment was, that the plaintiff "was *compelled* and *forced* by the agents of said defendants to get off defendant's train while in motion, and before said train had reached the usual place at the depot." SOMERVILLE, J., rendering the opinion of the court, said: "We fail to discover in the record any evidence to support this averment of the complaint. There is no fact stated which tends to prove that the plaintiff was compelled or forced in any manner by defendant's agents or any one else to leave the train. . . . There was, for this reason, a material disagreement between the allegations of the complaint and the proof, which constituted a fatal variance," &c.

The evidence in this case, on the part of the plaintiff, is open to two interpretations, one of which leads to the conclusion of force, or threats, and willfullness on the part of the conductor, and the other tends to show that he was negligent only. If the jury found that plaintiff's attempt to alight was due to a coercion of her will by the manifestations and directions of the conductor, she protesting against having to do so while the train was yet in motion, and the injuries resulted proximately from this alone, or from it and another cause conjointly, this would have been such force and willfulness as is laid in the complaint, although there was no laying on of

hands, and no actual hostile demonstration made by the conductor.—*A. G. S. R. R. Co. v. Sellers, ante,* p. 9. On the other hand, if their conclusion was that plaintiff attempted to alight voluntarily, upon the invitation and pacific insistence of the conductor, nothing more than negligence can . be imputed to him—the omission of duty in failing to stop at plaintiff's destination, thus furnishing an occasion for her to get off further on, and the want of care in requesting her to get off before the train stopped at this further point.

Again, the evidence as to the custom of lessening the speed of the train without stopping it at that point, to enable an employè to get off and throw the switch, afforded the jury some ground to infer that the conductor knew its speed would be accelerated as soon as the switch had been thrown; and if he knew this, and insisted upon plaintiff's alighting, even without resorting to compulsion of any kind, we are not prepared to say but that the jury might have drawn a conclusion of recklessness of consequences from such conduct, which would have supported the complaint so far as the acts of the conductor are involved in its averments. So that our conclusion is, that there was evidence tending to sustain the case made by the complaint, and the general charge, as well as the charge which proceeded on the theory that there was a fatal variance between the allegations and proof, were properly refused. On the other hand, the jury might have found that the conductor was guilty of negligence only. Hence charge 7 requested by the defendant, which denied liability for any acts of mere negligence on the part of defendant's employès, was not abstract, and, under the authorities we have quoted, should have been given. Charge 4, requested by defendant, asserts the law correctly—that no recovery could be had for the negligence of the engineer in causing the train to make a sudden "jerk;" but it was abstract, in that there was no evidence in the case of either willfulness or negligence on the part of the engineer; and for this reason the giving of charge 3 asked for defendant, and refused, would not have involved error.

Whether plaintiff was guilty of contributory negligence, was not, and could not have been under the averments of the complaint, a material issue in this case.—*A. G. S. R. R. Co. v. Frazier, ante,* p. 45. The charge given for plaintiff, and charge 1 refused to defendant, were, therefore, mere abstractions. That given, however, is a correct exposition of the law, and that refused is not. Whether it is negligence in a passenger to step off a moving train at the invitation of the conductor, depends upon the further inquiry as to whether the train is going at such speed as to render the attempt obviously

hazardous, and is a question for the jury under such evidence as is presented here.—*S. & N. Ala. R. R. Co. v. Schaufler,* 75 Ala. 136; *M. & E. R. R. Co. v. Stewart,* 8 So. Rep. 708; s. c., 91 Ala. 421.

Charge 5 asked by defendant was properly refused. It is abstract. There was no evidence that defendant had stopped, or intended to stop the train, between avenues D and E in violation of the city ordinance. Moreover, the plaintiff's right would not be affected by such violation had it been committed, if she attempted to get off at that point at the invitation of the conductor; and more especially so, if her attempt was coerced by him.—*Street Railway Co. v. Calderwood,* 89 Ala. 247, 255.

The judgment of the City Court is reversed, and the cause remanded.