# CHARLESTON.

### FARLEY *v.* NORFOLK & WESTERN RY. CO.

#### Decided April 26, 1910.

1. CARRIERS—*Injury to Passenger—Contributory Negligence—Alighting from Moving Train.*

    A passenger who attempt to alight from a moving railroad train, when he knows it is dangerous to do so, and is injured thereby, is guilty of such negligence as will preclude recovery,

notwithstanding he may have been directed or told by the conductor to get off.

2. NEGLIGENCE—*Contributory Negligence.*

   One is not bound to assume the risk of a known danger because he is directed to do so by another; he must think and act for himself, and if he relies upon another's judgment and does an act, contrary to his own sense of prudence, he is negligent.

3. CARRIERS—*Injury to Passenger—Contributory Negligence—Following Direction of Employe.*

   A railroad company is not liable for the act of its agent or conductor in negligently directing a passenger to jump from a moving train, when the circumstances show that the danger was obvious to the passenger himself, and when no force or threats were used to eject him

4. SAME—*Injury to Passenger—Contributory Negligence Alighting from Moving Train.*

   Negligence of a railroad company in failing to stop its train long enough at a station to permit passengers to alight will not absolve a passenger from negligence in attempting to alight from the train after it has again been put in motion.

Error to Circuit Court, McDowell County.

Action by J. H. Farley against the Norfolk & Western Railway Company. Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*Wyndham Stokes* and *Graham Sale,* for plaintiff in error.

*R. R. Smith* and *G. L. Counts,* for defendant in error.

WILLIAMS, JUDGE:

Plaintiff was a passenger on one of the trains of the Norfolk & Western Railway Company on the 6th of April, 1906, going from the town of Welch to Davy in McDowell county, and in attempting to alight after the train had pulled out from Davy and was moving rapidly he was thrown violently to the ground and injured. He brought an action against the railroad company and recovered a verdict and judgment for $150. To this judgment defendant obtained a writ of error from this Court. There was a demurrer to the declaration which the court over-

ruled, and this action of the court is one of the errors complained of.

Should not the demurrer to the declaration have been sustained? Do not the averments in the declaration show such negligence in plaintiff as should prevent his recovery? If so, the declaration is bad, and the demurrer should certainly have been sustained. The declaration, in part, is as follows: "Plaintiff avers that he went to the rear door of the car of defendant's train, in order to get off, but finding the door locked, plaintiff started to return to the front door of said car, but by the time plaintiff had gotten half way from the rear door of said car to the front door of said car, the said train was starting from the station, and the conductor in charge of said train had closed the door, and plaintiff avers that then he informed the said conductor that he wanted to get off said train at the said station at Davy, and that he had been unable to get off said train on account of the rear door being locked and thereupon the said conductor opened the door of said car and plaintiff stepped down on the platform, holding to the guard and plaintiff avers that the said train was then running at a rate of speed which made it extremely dangerous for one to get off said train without suffering serious bodily injury. The conductor of said train, who had entire control of same for said company, then and there directed the said plaintiff to get off said train, and refused to stop said train to enable said plaintiff to do so with safety, but told said plaintiff to jump; then said plaintiff then and there, under the direction of said conductor, endeavored as best he could to get off said train and used every care and precaution so to do without injury, but said train was running at such a rate of speed that in jumping from it to the ground, said plaintiff received great bodily injury and became sick, sore, lame and disabled for the space of three months," etc. Do these allegations not show that plaintiff himself knew at the time he attempted to alight from the train that it was dangerous to do so, and did he not himself assume the risk? If so, he would not be entitled to recover, because in such case his own negligence is the proximate cause of his injury. We think these averments unquestionably show that plaintiff knew that it was then dangerous to undertake to get off the train, because of the speed at which it was then moving. Does the conductor's direction to

him to jump while the train was in motion relieve him of con-
tributory negligence? Was he bound to observe this direction?
It is not alleged that the conductor ordered him to get off, or
threatened him with any violence if he did not get off. The
declaration simply alleges that said conductor was wantonly and
wilfully negligent in directing him to get off. But plaintiff was
not bound to heed this direction, and if he knew that the train
was running so rapidly that it was then dangerous to undertake
to get off, he was not bound to take the risk simply because the
conductor told him to jump. If he relied on the conductor's
judgment and took the risk of jumping contrary to his own
dictates of prudence, this itself was negligence. The general
rule of law applicable to the case of a person alighting from a
moving train is thus stated in a number of cases: "A passenger
is not guilty of negligence *per se* in jumping from a moving
train by the advice or order of the conductor or other authorized
servant of the carrier, on whose opinion or judgment in the
matter he has a right to rely, if the danger of such act would
not be apparent to a man of ordinary prudence." *Railroad Co.*
v. *Schaufler,* 75 Ala. 136; *Railroad Co.* v. *Winn,* 93 Ala. 306;
*Railway Co.* v. *Krouse,* 30 Ohio St. 222. The declaration in the
present case does not measure up to this rule. It does not allege
that plaintiff did not know that it was dangerous to attempt to
alight from the train; on the contrary, it alleges, in effect, that
the act was an extremely dangerous one, and from his failure
to allege that he did not know it was dangerous and therefore
did it in reliance upon the conductor's superior knowledge,
it must be inferred that he acted voluntarily and on his own
judgment. It is to be further inferred from the alleged speed
of the train that no prudent man would have assumed the risk
of a danger so apparent. The question of plaintiff's negligence
is thus reduced to a question of law, because in performing the
act which was the proximate cause of his injury he voluntarily
assumed the risk of an obvious danger which no reasonably
prudent man would have assumed.

Some force, or threats to eject a passenger, must have been
used before he can be justified in attempting to alight from a
rapidly moving train. *Railroad Co.* v. *Schaufler,* 75 Ala. 136; *Rail-
road Co.* v. *Winn,* 93 Ala. 306; *Railway Co.* v. *Krouse,* 30 Ohio St.
222. "If the car is in rapid motion, or other circumstances exist

which indicate that it is dangerous to alight, neither the advice nor direction of the conductor will justify the act." 2 Wood on Railroads, page 1320. His getting off was a voluntary act even though done at the suggestion or request of the defendant's agent. The defendant may have been negligent in not stopping its train long enough at Davy to permit plaintiff to get off. This is alleged and is therefore admittedly true on demurrer, but the negligence of defendant in that particular is not decisive of the case, because that was not the proximate cause of the injury. Plaintiff could have remained on the train until the next station was reached and would have had his action against the defendant for damages, if any resulted therefrom. "The failure of the railway company to stop at a station sufficiently long to enable a passenger to alight will not absolve him from the duty of using care and prudence." *Railroad Co.* v. *Houston,* 95 U. S. 697; *Railroad Co.* v. *Leslie,* 57 Tex. 83; *Railroad Co.* v. *Schaufler,* 75 Ala. 136. In the present case the proximate cause of the injury was the alighting from the moving train, and not the failure to stop the train long enough at the station to allow the passengers to get off. Was the act of jumping off the moving train a voluntarily, or an involuntary act of plaintiff? The declaration does not allege that he was induced by force or threats of the conductor to jump; he was simply told or directed by him to do so. Consequently, it was plaintiff's voluntary act. The declaration also alleges that "the train was then running at a rate of speed which made it extremely dangerous for one to get off said train without suffering serious bodily injury." Plaintiff voluntarily assumed the risk of danger consequent upon the performance of his own act which was the proximate cause of his injury, and can not recover. There is no lawful excuse alleged for his rash and unreasonable act; and his injury is the result of his own negligence.

In *Hoylman* v. *Railroad Co.,* 65 W. Va. 264, the law is thus stated in the first point of the syllabus: "The general rule is that passengers getting off a moving railroad train are chargeable with contributory negligence and can not recover for injuries received therefrom." We think this law applies with full force to the present case because there is no allegation in the declaration which denies that plaintiff voluntarily assumed

the risk of a danger known to himself at the time, and no allegation that he was forced to do the act against his will. The circumstances in the *Hoylman Case* were very similar to the circumstances in the present case, except that, in that case, the conductor did not direct, or suggest to deceased to get off. In that case, as in this, the train had stopped for a short time at the station and the passengers had all gotten off while the train was standing, except Hoylman's intestate who attempted to alight after the train had started and was moving with accelerated speed, and in doing so was killed. The principles of law announced in that case determine the present case in favor of the defendant. The demurrer to the declaration should have been sustained.

. Inasmuch as the cause will be remanded with leave to plaintiff to amend his declaration, the only other assignment of error we will consider is the one relating to the giving of instructions Nos. 1 and 2 for plaintiff. No. 1 is as follows: "The court instructs the jury that the law in tenderness of human life and limbs, holds railroad companies liable for the slightest negligence, and compels them to repel by satisfactory proofs every imputation of such negligence. When carriers undertake to convey passengers by the powerful but dangerous agency of steam, public policy and safety require that they be held to the greatest possible care and diligence. Any negligence or default in such cases makes such carriers liable in damages under the statute." This instruction is correct as a general proposition of law, but to make it applicable to the facts in the present case it should have been qualified with some such language as follows, "provided, however, such negligence is the proximate cause of the injury complained of." Even if defendant had been negligent in failing to stop at the station sufficiently long to enable passengers to alight such negligence could not have been the proximate cause of the injury. The jumping from the train while it was in rapid motion was the proximate cause of the injury, and the right of the case depends, as we have before said, upon the question whether or not plaintiff can show any lawful excuse for doing an act which is inherently negligent.

Instruction No. 2 is subject to the same objection as No. 1, because it assumes that the failure to stop the train at Davy long enough for the passengers to get off was the negligent act

that caused plaintiff's injury. But neither of these is a binding instruction, neither of them tells the jury that, in the event they find defendant did not stop its train long enough, they must find for the plaintiff; and the general proposition of law, as expressed in them, is qualified by the two instructions given on request of defendant which more aptly state the law applicable to the facts in the case. So that, taking all the instructions together both those for plaintiff and those for defendant, in the form in which they appear in the record, we can see that no prejudice was done defendant by giving plaintiff's Nos. 1 and 2, although they should have been modified as we have suggested in order to make them applicable to the facts.

The judgment of the circuit court of McDowell county, rendered on the 29th of July, 1908, will be reversed, the verdict of the jury set aside, and the case remanded, with leave to plaintiff to amend his declaration.

*Reversed and Remanded.*