# CHARLESTON.

### BOOTH v. CAMDEN INTERSTATE RY. CO.

Submitted June 3, 1909. Decided February 14, 1911.

APPEAL AND ERROR—*Verdict—Weight of Evidence.*

 The verdict of a jury is entitled to great respect from the court, but when it depends only upon slight inferences, drawn from facts testified to by witnesses, and conflicting with direct, positive, and undisputed testimony of other witnesses which negatives such inferences, it is the duty of the court to set it aside.

Error to Circuit Court, Cabell County.

Action by Abbie Booth against the Camden Interstate Railway Company. Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*Vinson & Thompson,* for plaintiff in error.

*Isbell & Perry,* for defendant in error.

WILLIAMS, PRESIDENT:

Plaintiff attempted to alight from one of defendant's electric cars in the City of Huntington and was thrown to the pavement and was injured. She brought an action for damages and recovered a judgment for $300. The court refused to set aside the verdict and grant the defendant a new trial, and the case was brought to this Court on writ of error. The evidence and instructions of the court are made parts of the record by bill of exceptions.

It is insisted that the court erred, (1) in overruling defendant's motion to set aside the verdict, and (2) in refusing to give its instruction No. 1, without modification.

The alleged negligence of defendant's servants is the ground of the action, and contributory negligence is the defense. The case turns upon a single issue of fact which is: Did plaintiff attempt to alight from the car after it had stopped and had again started; or did she attempt to alight while it was standing, and was jerked off her feet by a sudden start of the car? If the former be true, she is guilty of contributory negligence which bars recovery; *Farley* v. *N. & W. Ry. Co.,* 67 W. Va. 350 (67 S. E. 1116); *Hoylman* v. *K. & M. Ry. Co.,* 65 W. Va. 264; but if the latter be true she may recover. This is a question of fact to be determined by the jury, and if the fact depends upon conflicting oral testimony the verdict of the jury should not be disturbed. The law regards them as better judges than the court of the credibility of witnesses. *Harman & Crockett* v. *Maddy Bros.,* 57 W. Va. 66; *Ross* v. *Gill,* 1 Wash. 87; *McRae* v. *Scott,* 4 Rand. 463; *Kincheloe* v. *Tracewells,* 11 Grat. 582.

The following facts may be assumed as true, because they are proven by undisputed testimony, viz: That plaintiff and her son and Mr. Trainor and his wife, who is a niece of plaintiff, boarded one of defendant's cars at Guyandotte with the purpose of getting off in Huntington at 20th street crossing where another car ran out the Cemetery road near to their destination, and were given transfers by the conductor for the 20th Street car; that the car was an open summer car, with seats extending across its full width, and with a step on either side extending the full length of the car; that these four persons were riding together on the back seat, and were bound for the same destina-

tion; that when the car reached 21st Street, which was a city block short of 20th street, the car stopped to take on a lady passenger, and plaintiff's son, thinking they had reached 20th Street, called to the others to get off; that the boy and Mrs. Trainor got off; that plaintiff, in attempting to get off, fell to the pavement at a point about two lengths of the car from the place where the car had stopped, and was painfully hurt, cut on the head and bruised about the body; that the car is thirty, or thirty-five feet long; and that the accident occurred in the night time.

Was the car standing, or in motion, at the time plaintiff attempted to alight from it? Henry Thompson, the conductor of the car, and W. M. Trainor, who was a passenger on the car traveling in company with the plaintiff, testify positively that the car was in motion when plaintiff attempted to step off. Mr. Trainor's testimony is as follows:

"Q. Did the car stop at 21st street?

"A. It stopped at 21st street; yes, sir.

"Q. Now just tell what occurred after the car stopped?

"A. After the car stopped the boy called out 20th street. It was a mistake. I didn't see the boy step off, but as I looked around my wife stepped off the car. I saw the boy standing ahead of her. I then beckoned my wife on and she seen the mistake and I motioned to 20th street. The car started and about the time I let my hand come down, (witness illustrates) Mrs. Booth raised to her feet. I said 'this is not 20th street' and reached for her but she was too far gone. I couldn't get hold of her.

"Q. What did she do?

"A. She stepped off.

"Q. Was the car standing still or was it in motion?

"A. The car was in motion when she stepped off."

No witness testifies that the car was standing at the time plaintiff was in the act of stepping off. Plaintiff's own testimony is as follows:

"Q. How did you happen to be thrown, Mrs. Booth?

"A. Why just as I made my first step, the car gave a sudden jerk and threw me. That is the last I knowed anything about it."

Mrs. M. L. Trainor who was one of the party of five who had

boarded the car at Guyandotte for 20th Street, testifies as follows:

"Q. Tell the jury whether or not the car was standing when you got off?

"A. Yes, sir, they made a stop. They made a stop for something, stopped *and called out 21st street,* it stopped and we got off.

"Q. The car was stopped?

"A. Yes, sir.

"Q. Was it standing still when you got off?

"A. Yes, sir.

"Q. What did Mrs. Booth do when you got off?

"A. She was with me and she aimed to follow us right off.

"Q. Mrs. Booth aimed to follow you right off?

"A. Yes, sir."

In view of the direct and positive testimony of the conductor and W. M. Trainor that the car was in motion when plaintiff attempted to get off, the jury had no right to infer that the car was standing at that time, which they must have done in order to reach their verdict. There is no evidence whatever to support the theory that the conductor was negligent in failing to observe plaintiff at the time she attempted to alight. She was a passenger for 20th Street, and the conductor had no reason to suspect that she would attempt to get off before reaching that point, and hence no reason why he should have been on the lookout for her at the place where she stepped off. The evidence shows the plaintiff was guilty of contributory negligence in attempting to alight from a moving car. This was the proximate cause of her injury and prevents recovery. *Hoylman* v. *K. & M. Ry. Co.,* 65 W. Va. 264; *Farley* v. *N. & W. Ry. Co.,* 67 W. Va. 350 (67 S. E. 1116.)

The verdict was clearly contrary to the evidence, and the court erred in not setting it aside.

Defendant complains of the court's action in modifying its instruction No. 1. The instruction assumed, as a fact proven, that plaintiff attempted to alight "while said car was in motion." The court modified it by striking out the words above quoted, and gave it as thus modified. A majority of the Court are of opinoin that this was not error. But Judge Brannon and I are of the opposite opinion. The evidence clearly proves that the

68 W. Va.

car 'was in motion. There is no evidence in conflict with this direct testimony except a bare inference which might be drawn from the testimony of plaintiff above quoted; and such an inference is entitled to no consideration whatever as proof in the face of direct, positive and undisputed testimony. Suppose the instruction had been given without modification, and the jury had found for the defendant on the evidence as it is, and plaintiff had brought the case here on writ of error, could plaintiff then have complained of the instruction? Certainly not. Because we see from the overwhelming proof that the case is for the defendant; and for the court to have assumed, as proven, in its instruction, the principle fact on which the case turns, could not have been error. This Court holds that the trial court erred in not setting aside the verdict, because the direct, positive and undisputed testimony of two 'witnesses proves that the car was in motion when plaintiff stepped off. How, then, can it be logically said that the court did not also err in refusing to treat the same fact as proven, in an instruction that was asked? If the instruction had been given the defendant might have gotten the verdict, and the ends of justice attained in the trial court. Moreover, I am of opinion that the court could have directed a verdict for defendant on its own motion, and plaintiff would have had no right, upon the proof, as it appears in the record, to complain.

The judgment will be reversed, the verdict set aside, and a new trial awarded.

*Reversed and Dismissed.*

BRANNON, JUDGE:

It is unquestionable that a court may refuse an instruction when no evidence whatever supports its theory or hypothesis; and not only that, but it can refuse when the evidence for such hypothesis is so light and unconvincing as to be merely colorable, not presenting it as really for the consideration of the jury, where a verdict resting on 'the theory put by the instruction should be set aside. *McDonald* v. *Cole,* 46 W. Va. 186. There is no dissension of opinion among the members of the Court as to the fact that the car had started and was moving when the plaintiff fell from it. It is plain contributory negligence to alight from a moving car. *Hoylman* v. *Railroad,* 65 W. Va. 264. That

being so the defendant, if it had asked, would have been entitled to an instruction binding the jury to find for it. The instruction which it did ask is only another mode of reaching the same end. It asked the court to say that the plaintiff had no right to leave a moving car. The court struck out that clause; it refused to so declare the law. It refused to leave in the instruction the fact that the plaintiff did alight while the car was moving, and to say that that would defeat the action. Of course if, under the evidence it were a question for the consideration of the jury, the court should have eliminated that feature from the instruction; but, as said above, we all agree that the evidence showed that the car was moving when the plaintiff was hurt. A verdict for plaintiff, under such a fact, would have to be set aside; and this being so, why should the court not have told the jury in advance that, as the plaintiff alighted when the car was moving, she could not recover? The court could have directed the jury to find for the defendant, or struck out her evidence as insufficient. What the difference in the processes?

POFFENBARGER, JUDGE, (concurring) :

If there was any evidence appreciably tending to prove the car was standing when plaintiff attempted to alight, there was no error in modifying the instruction. *State* v. *Clifford,* 59 W. Va. 1; *Staunton* v. *Parkersburg,* 66 W. Va. 393; *Newhouse* v. *Railroad Co.,* 62 W. Va. 562; *Carrico* v. *Railroad Co.,* 39 W. Va. 86; *McDonald* v. *Cole,* 46 W. Va. 186. These cases mark the distinction between sufficiency of evidence to justify an ordinary instruction, and evidence to preclude an extraordinary instruction to find a particular verdict or the setting aside of a verdict. Our inquiry here is not whether the car was moving or standing still, but whether there is any evidence appreciably tending to prove it was standing. We are not triers of fact in a jury case, nor was the circuit court. Of course, if there was no such evidence as I have just suggested, we could say the jury were bound to recognize and give effect to the fact that the car was moving, which the evidence undoubtedly tends to show; but, if there is evidence tending to prove the contrary also, the question was one for the jury, and it was the function of the court to give proper instructions presenting both theories, and, after verdict, to test the sufficiency of the evidence, as a matter of law, not of fact,

on the motion to set aside, or, before verdict, a request for a peremptory instruction or a motion to direct a verdict.

Evidence to sustain the theory of the plaintiff, that the car was standing, is found in the inferences arising from the admitted fact that it had just come to a standstill and her statement that it jumped or lurched or was jerked just as she stepped down. In this respect the case is almost a parallel of that of *Staunton* v. *Parkersburg,* cited. They cannot be distinguished. In view of this evidence, the court could not assume that the car was moving. Hence it properly eliminated the assumption from the instruction, and there was no error on the part of the court down to the time of the verdict.

On the motion to set aside the verdict, the sufficiency of the evidence arose for the first time and in the regular order of procedure. This motion was the first and only application to the court for a ruling as to its sufficiency, and the question thus presented was one of law, not of fact.

By observing this course of procedure, we are able to reach the merits of the case. Had we accepted that of Judge Brannon and President Williams, we could not have gotten to the vital question, here disposed of. We would have been compelled to stop with the finding of error in the modification of the instruction and awarded a new trial without passing on the sufficiency of the evidence. Numerous cases say we cannot discuss the sufficiency of the evidence after having found error in respect to instructions, admission or rejection of evidence or any other matter of prejudice.

By adhering to the settled rule of procedure in this Court, a majority of us have been able to reach the merits of the case. By departing from it, our associates would have to violate two rules or let the case go back for a possible repetition of the error. in overruling the motion to set aside.

Judges Miller and Robinson concur in this opinion.