NELLIE B. SLAVEN *v.* BALTIMORE & OHIO RAILROAD COMPANY

(No. 7650)

Submitted November 7, 1933.   Decided November 21, 1933.

*Harry H. Byrer,* for plaintiff in error.

*E. L. Luttrell* and *Campbell & Hannis,* for defendant in error.

MAXWELL, PRESIDENT:

To a judgment against it for $1,300.00, based on verdict, in favor of the plaintiff for personal injuries received by her while a passenger on one of its trains, the defendant was awarded a writ of error.

On the night of July 4, 1932, plaintiff, traveling from Philadelphia, Pennsylvania, to Martinsburg, West Virginia, occu-

pied a seat in the rear coach of an excursion train of the defendant returning from Philadelphia to Pittsburgh. The train was heavy, consisting of eleven passenger coaches and one combination car used for passengers and baggage.

When the train stopped at the Martinsburg station about one o'clock in the morning of July 5th, the name of the station not having been announced in the car in which the plaintiff was riding by any member of the train crew, and she not knowing the location but becoming apprehensive that her destination had been reached, started forward through the train making inquiries of fellow-passengers as to whether the train was then at Martinsburg. She did not receive any information until she had proceeded through several cars when she met a man, fellow-passenger, in a vestibule of one of the cars. He informed her that the station was Martinsburg. She testified: "I announced: 'This is my station', and that I had to get off. Just as I said that, the train blew. He asked me, when I said I had to get off, he began opening the door, and asked me if I could jump. * * * I said I would try." He opened the door for her, and, without the floor board's being raised so she could descend the steps, she left the car. She said in testimony: "I grabbed the rail with my right hand and eased myself down the best I could." The floor of the car was fifty-one inches above the station platform. There was but little light outside the car—the plaintiff in her testimony referred to the semi-darkness, but in the declaration it is averred that it was "very dark". On the inside of the door near its top there was a notice which read: "Passengers should not stand on the platform and must not open vestibule doors." The rays of an electric light shone upon it, though she says she did not see it. The result of her descent was serious injury to her left ankle.

A rear door of the second coach from the front was opened for the discharge of passengers at Martinsburg, and two passengers left the train. The conductor stood there to render assistance. Owing to the fact that the engine took water at that station, the train remained standing about six minutes. It had not started when plaintiff alighted.

Because of heavy duties, the conductor assigned to the brakeman the task of examining and of taking up or punching

tickets of passengers in the three coaches at the rear of the train. The plaintiff testified and the brakeman admitted that he examined and punched her ticket soon after the train left Baltimore, but that he did not take it. She also testified that while he was looking at her ticket she asked him what would be the time of the arrival of the train at Martinsburg, and that he asked her if she would be getting off there, to which inquiry she replied in the affirmative; that when he handed the ticket back he told her the train would be due at Martinsburg at one-forty but might be a little late because they were following a regular passenger train. The brakeman testified that the destination of most of the passengers was Pittsburgh, and that he did not take plaintiff's ticket because he did not notice that the destination indicated thereby was Martinsburg. He denied that she asked him the time of arrival at Martinsburg, or that she told him that she would get off there, or that he inquired of her whether Martinsburg was her destination.

The plaintiff takes the position that it was negligence on the part of the railroad company to fail to announce her station and in failing to provide her a reasonably safe place to alight, and that such negligence was the proximate cause of her injuries, provided she, in undertaking to alight at the time and place she did, acted as a reasonably careful woman would have acted under the circumstances, and that the questions involved were for jury determination as issues of fact.

It is the position of the railroad company that its failure to make announcement in the car in which the plaintiff was riding of the arrival of the train at Martinsburg was not the proximate cause of the plaintiff's injury; that the unauthorized, unanticipated and negligent act of an intermeddler (the stranger who opened the car door for the plaintiff) intervened; that the plaintiff was guilty of contributory negligence; and that under the state of facts presented by the evidence, it was the duty of the trial court to direct a verdict for the defendant.

We are of opinion that the trial court should have directed a verdict for the defendant as requested. Several propositions combine to impel us to this conclusion.

In our opinion, the defendant's negligence in failing to announce in the coach in which plaintiff was riding that Martinsburg was about to be or had been reached was not

the proximate cause of the injury of which the plaintiff complains. For its failure so to announce the station, the defendant would have been liable to the plaintiff in damages if she had been carried beyond her destination, but we do not think it could reasonably have been anticipated that any passenger would violate the company's conspicuously displayed warning to passengers not to open vestibule doors, and would undertake to alight by jumping or swinging down from the floor of the vestibule in the darkness, as this woman did. The thing which happened was not a natural and probable consequence of the failure to make announcement of the station. In plaintiff's behalf, there is cited the following statement from 22 Ruling Case Law, page 187:

"Where a railway company fails to stop its train at the usual place for a passenger to alight, it must assume that he will, if he thinks he can properly do so, endeavor to get off, and if he is injured in getting off, the failure to stop the train is the proximate cause of the injury."

That statement is based on the case of *Martin* v. *Southern Railway Company*, (S. C.) 58 S. E. 3. We are unable to ascertain, however, that that doctrine has been recognized and applied elsewhere. It is the general rule that while it is the duty of a railroad company to announce the arrival of the train at the station to which it has contracted to carry a passenger, and to discharge him safely, yet the fact that the company neglects to make such announcement does not justify the passenger in attempting to alight from the train in a manner involving great risk of personal injury to himself. Many cases sustain this rule. *Walker* v. *V. S. & P. Ry. Co.*, (La.) 7 L. R. A. 111, 6 So. 916; *Railroad Co.* v. *Aspell*, 23 Pa. St. Rep. 147; *H. & T. C. Ry. Co.* v. *Leslie*, 57 Tex. 83; *S. & N. A. Rd. Co.* v. *Schaufler*, 75 Ala. 136; *Dougherty* v. *C. B. & Q. Rd. Co.*, 86 Ill. 467; *Farley* v. *N. & W. Ry. Co.*, 67 W. Va. 350, 67 S. E. 1116.

In the *Farley* case, a passenger tried to leave the coach in which he was riding by the rear door but finding it locked proceeded to the front door and alighted from the car under the direction of the conductor though the train had then been put in motion. In reversing a judgment in plaintiff's

favor, this court held: "A passenger who attempts to alight from a moving railroad train, when he knows it is dangerous to do so, and is injured thereby, is guilty of such negligence as will preclude recovery, notwithstanding he may have been directed or told by the conductor to get off." And, "Negligence of a railroad company in failing to stop its train long enough at a station to permit passengers to alight will not absolve a passenger from negligence in attempting to alight from the train after it has again been put in motion." Further, in the opinion: "Plaintiff voluntarily assumed the risk of danger consequent upon the performance of his own act which was the proximate cause of his injury, and cannot recover. There is no lawful excuse alleged for his rash and unreasonable act; and his injury is the result of his own negligence."

It is true, of course, that the *Farley* case and the cases cited from other jurisdictions deal with situations wherein passengers attempted to alight from moving trains. But the controlling considerations in the case at bar where the train was standing must be deemed the same as in the cases wherein the trains were moving. It might even be less dangerous for a passenger to alight from the lower step of a slowly moving passenger coach than for him to undertake to descend more than four feet from the floor of the coach to the station platform in the nighttime though the train was not moving.

The general rules pertaining to contributory negligence are applicable here. "Although the railroad company may be guilty of negligence a passenger cannot recover if he is guilty of contributory negligence proximately causing his own injury." 4 Elliott on Railroads (2d Ed.), p. 499. A common carrier is not an insurer against the consequences of rash conduct of a passenger.

Another consideration operating to relieve the defendant of liability for plaintiff's injury was the conduct of the intermeddling passenger who opened the door of the vestibule to permit the plaintiff to alight. "Carriers are rightly held to a high degree of diligence, but they are not held responsible for the lawless acts of third persons not under their control, which they could not reasonably anticipate." *Sure* v. *Railway*

& *Light Co.,* (Wis.) 133 N. W. 1098, 37 L. R. A. (N. S.) 724, cases cited and note.

Plaintiff's contention that the matters here considered present questions for jury determination is not in harmony with settled principles of law. Where, in a negligence case, there is an issue of fact as to just what occurred, the question is peculiarly for jury determination; but where there is no dispute of material facts, the question of negligence or contributory negligence should be determined by the court as a matter of law. ''Contributory negligence becomes a question for the court when the facts are undisputed and but one reasonable inference can be drawn therefrom.'' *Fields* v. *City of Spencer,* 111 W. Va. 355, 161 S. E. 613. Other cases in point: *Ketterman* v. *R. R. Co.,* 48 W. Va. 606, 37 S. E. 683; *Wenzel* v. *R. R. Co.,* 64 W. Va. 310, 61 S. E. 1001; *Fisher* v. *R. R. Co.,* 42 W. Va. 183, 24 S. E. 570; *Nutter* v. *Ry. Co.,* 113 W. Va. 94, 166 S. E. 815. The rule applies in favor of a plaintiff as well as against him. Thus: ''While the question of contributory negligence is a mixed one of law and fact generally to be determined by the jury, where the controlling facts are undisputed and reasonably justify only the conclusion that plaintiff did not contribute proximately to his injury, the court should hold, as a matter of law, that plaintiff is not guilty of contributory negligence.'' *Parks* v. *Tillis,* 112 W. Va. 295, 164 S. E. 797. ''Contributory negligence, when it depends upon questions of fact and testimony, is for the jury; but when the facts are undisputed, or indisputably established by the evidence of the plaintiff, the question becomes one of law for the court.'' *Menafee* v. *R. R. Co.,* 107 W. Va. 245, 148 S. E. 109.

It will be borne in mind that in the instant case there is no conflict in the testimony in respect of the manner of the plaintiff's leaving the train, nor of the circumstances attendant thereon.

Exceptions were taken to certain statements of one of plaintiff's counsel in argument to the jury. Defendant's conductor and brakeman had given testimony on the trial. Counsel in argument asserted that they had lied. This is a very harsh term for any occasion and is certainly out of place in a trial in a court of justice. There, deliberation and equanimity should prevail, without vituperation or invective, which are

discordant notes. Inconsistencies in testimony and falsification, if there be either, can be pointed out by counsel without resort to "the short and ugly word". Such expression and similarly virulent and affronting ones are improper, and their use may constitute sufficient ground for setting aside a verdict favorable to the party represented by counsel using them.

Exception was taken by the defendant to plaintiff's instruction No. 2. It reads:

"The court instructs the jury that if you believe from the evidence in this case that the plaintiff purchased from the defendant corporation a ticket as testified to in this case, entitling her to be carried by the defendant company from Martinsburg, West Virginia, to Philadelphia, Pennsylvania, and return, and that under the contract thus created between the plaintiff and defendant the plaintiff was carried by the defendant corporation to the City of Philadelphia and that she returned by the same means, to the City of Martinsburg, the point of her destination, that it thereupon became the duty of the defendant corporation to notify the plaintiff of her approach to the City of Martinsburg in such manner and in sufficient time to enable her to prepare and alight from said train with safety to herself, and if you believe that the defendant corporation failed in this regard, then such failure was negligence on the part of the defendant."

This instruction propounds a correct proposition of law but, though it is not binding, in our opinion it is indefinite and misleading in this case, for, granting that the defendant was negligent for failing to make a proper station announcement in the coach in which plaintiff was riding, it by no means follows that the defendant is liable for damages for the injury later sustained by the plaintiff. The instruction makes no reference to causal connection between the said negligence of the defendant and the plaintiff's injury. The instruction, in our judgment, would tend to give to the jury the impression that the defendant being negligent in failing to announce arrival at plaintiff's destination, its liability for plaintiff's injury would follow as a matter of course. "An instruction misleading because it does not, on its face or in connection

with other instructions, fully inform the jury concerning the point which it purports to discuss should not be given." *State* v. *Shamblin,* 105 W. Va. 520, 143 S. E. 230, 231. An instruction may be misleading and therefore prejudicial though it is correct in its abstract technical phrases. *Mercer Funeral Home* v. *Addison Bros.,* 111 W. Va. 616, 163 S. E. 439. "An instruction which is incomplete and indefinite in its meaning should not be given." *Morrison* v. *Roush,* 110 W. Va. 398, 158 S. E. 514, 515.

For reasons stated the judgment of the trial court is reversed, the verdict set aside, and the case remanded for a new trial.

*Reversed and remanded.*