## Rice, et al. v. Lavin.

(Decided June 15, 1923.)

## Appeal from Boyd Circuit Court.

1. Municipal Corporations—Facts Defendant was Policeman and Bond was in Force Held Sufficiently Established to Warrant Refusal of Peremptory Instruction.—In an action against a policeman and the surety on his official bond for an assault by the policeman on plaintiff, in which the defendants filed separate answers, that of the principal admitting that he was a policeman at the time, and in which he testified he was a policeman, and the bond was admitted in evidence and showed on its face that it had not expired at the time of the act in question, it was not error to refuse a motion for peremptory instruction for defendants on the ground that there was no proof the principal was a policeman or that the bond was in force.

2. Evidence—Evidence of Arrest of Another at Practically the Same Time Held Competent.—In an action for an assault by a policeman upon plaintiff when he was attempting to arrest plaintiff, evidence that just prior to the arrest of plaintiff the policeman had arrested a soldier in plaintiff's presence was competent as part of the same transaction, especially where one ground of arrest relied on by the policeman was that plaintiff had committed a breach of the peace by threatening the policeman while he was engaged in arresting the soldier.

3. Appeal and Error—Admission of Evidence of Another Arrest Held Not Prejudicial.—In an action for an assault by a policeman upon plaintiff while he was attempting to arrest him, the admission of evidence that just before he attempted to arrest plaintiff the policeman had arrested the soldier in the plaintiff's presence was not prejudicial to defendant.

4. Municipal Corporations—Surety on Policeman's Bond Held Liable for Assault While Arresting.—The surety on the bond of a policeman of a city of the fourth class which contained the stipulation required by Ky. Stats., section 3497, imposing liability for any unlawful arrest or unnecessary or cruel beating or assault in making an arrest, was liable for injuries resulting from an assault by a policeman while attempting to arrest plaintiff for an offense in the policeman's presence, since such act was within the scope of the officer's authority, and the stipulation would be binding on the surety even if it were not required by statute.

5. Municipal Corporations—Instruction on Right to Use Reasonably Necessary Force Held Unnecessary Under the Evidence.—In an action for an assault committed by a policeman while he was making an arrest, where there was no evidence that the plaintiff resisted the arrest, the policeman denying that he made the assault, and the plaintiff claiming that it was unprovoked, it was not error to give an instruction which ignored the right of the officer

to use such force as reasonably appeared to him to be necessary to effect the arrest and to overcome any resistance offered thereto.

6.  Appeal and Error—Failure to Limit Recovery Against Surety to Amount of Bond Held Cured by Judgment.—In an action against a policeman and the surety on his bond for injuries caused by an assault while making an arrest, the technical error of an instruction which failed to limit recovery against the surety to the amount of its bond was not prejudicial to the surety, where the judgment rendered on the verdict against his surety was only for the amount of its bond, though the verdict was larger.

7.  Municipal Corporations—Evidence Held to Sustain Recovery Against Policeman for Assault in Making Arrest.—In an action for injuries resulting from an assault by a policeman while attempting to arrest plaintiff, evidence held abundantly to support a verdict for plaintiff.

8.  Assault and Battery—$1,400.00 for Assault Causing Partial Loss of Sight of One Eye Held Not Excessive.—In an action against a policeman for an assault while attempting to arrest plaintiff, where plaintiff's evidence showed that he was struck on the head with some round or blunt instrument which rendered him unconscious for nearly 24 hours, and resulted in the permanent impairment of one of his eyes, the loss of time from his work for nearly four months, and a partial permanent impairment of his earning power, a verdict awarding $1,400.00 was not excessive.

L. T. EVERETT and R. C. PRESTON for appellants.

JOHN F. COLDIRON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On January 7, 1918, appellant and defendant below, Ben Rice, was duly appointed a policeman of the city of Catlettsburg and on that day he executed bond with the defendant and appellant, Hartford Accident and Indemnity Company, as his surety, which was for the sum of one thousand dollars ($1,000.00), and was executed to the Commonwealth of Kentucky conditioned that the appointee would "truly and faithfully perform all the duties of police and for any unlawful arrests or unnecessary or cruel beating or assault in making arrests, we will pay to the Commonwealth of Kentucky or any person or persons so injured by said Ben Rice any damages the said Commonwealth or any person or persons may sustain by reason thereof not exceeding the sum of one thousand ($1,000.00) dollars." The preamble of the bond recites that Rice was appointed policeman "for a term of two years from the 7th day of January, 1918," and it was executed pursuant to the terms of section

3497 of the Kentucky Statutes, which is a part of the charter of cities of the fourth class, to which Catlettsburg belonged.

On Sunday, June 22, 1919, at about the hour of 11 a. m. appellee and plaintiff below, John Lavin, was occupying a bench near the edge of the pavement at the corner of 26th and Front streets in the city of Catlettsburg, and according to the pleading as well as the proof he was considerably intoxicated. Not far from him Rice was engaged in trying to arrest a soldier in uniform, who was also intoxicated and was creating considerable disturbances and had engaged in one or more fights. About the time the soldier was overcome he was delivered to another and the policeman went to the place where plaintiff was sitting and, according to the latter's testimony and that of a number of eye-witnesses introduced by him, defendant, Lavin, assaulted and struck him over the head with a "black jack" or some other round or blunt instrument, inflicting on him severe wounds, from the effects of which he was unconscious for nearly twenty-four hours, and which resulted in the permanent impairment of one of his eyes and caused him to lose time from his work for nearly four months and to incur considerable medical and physician's bills, and to some extent permanently impaired his power to earn money. He brought this action against the policeman and his surety to recover damages for his injuries, and upon trial he was awarded judgment against the policeman for fourteen hundred dollars ($1,400.00) and against the surety for the full amount of the bond for one thousand dollars ($1,000.00), and to reverse which defendants prosecute this appeal.

It is first insisted that the court erred in overruling defendant's motion for a peremptory instruction upon the ground, as argued, that there was no proof that Rice was a policeman at the time of the assault, or if so that he was acting within the scope of his authority nor, as contended, was there any proof that the bond was at that time in full force and effect, which facts were denied by the surety in its answer but which were admitted by the policeman in his separate answer, although he denied the assault and said in his pleading that the injuries received by plaintiff were the result of his falling on the pavement after he was arrested by defendant, and that he did not at any time strike plaintiff with anything

whatever. None of the recited contentions are tenable, since the bond itself stated that the policeman was appointed for two years and the assault occurred within that time. Besides, as we have said, the principal in the bond admitted that he was a policeman at the time and so stated in his testimony. We find nothing in the record upon which to sustain this ground and it must, therefore, be denied.

It is next insisted that the court erred in allowing the introduction of any evidence with reference to the arrest of the soldier boy. The individual defendant testified that while he was so engaged, plaintiff directed toward him some threatening remark which the policeman construed to constitute a breach of the peace and for that offense, as well as the one for drunkenness on the streets, he was arrested without a warrant. Without passing upon the question as to whether plaintiff was guilty of a breach of the peace, the evidence conclusively shows that he was guilty of the other offense and the policeman had the right to arrest him without a warrant and it was his duty to do so. Other witnesses testified to some remark made by plaintiff as to the rough treatment that defendant was administering to the soldier boy and, necessarily, the latter incident was so connected with the arrest of plaintiff as to be a part of it, and, according to defendant's testimony, it was one of the grounds upon which he attempted to justify the arrest and it was, therefore, competent, but, if it were not so we fail to see wherein the reference to it would in the least prejudice the substantial rights of the defendants, and for that reason alone its admission would not authorize a reversal of the judgment.

It is next insisted that this case should be governed by the doctrine announced in the cases of Taylor v. Shields, 183 Ky. 669, and Jones v. Van Bever, 164 Ky. 80, and other similar ones; but the facts in this case are entirely dissimilar from those in the ones referred to. In them the policeman was not acting within the scope of his authority; the plaintiffs therein had committed no offense in the presence of the officer, nor did he have reasonable grounds to believe that a felony had been committed by them, nor did he possess any warrant for their arrest. He was, therefore, acting wholly without any authority, and it was held that the surety of the officer would not be liable under such circumstances.

In this case, as we have seen, at least one misdemeanor was committed in the presence of the officer, and under section 36 of the Criminal Code he had the right to make the arrest without a warrant. Moreover, the bonds in the cases relied on were not executed under the same section of the statute as was the one here involvd, and they did not contain the stipulation found in the present one saying ''and for any unlawful arrest or unnecessary or cruel beating or assault in making an arrest.'' The section of the statute under which the bond in this case was executed provides for such stipulation and it was inserted in the one sued on, and under the principles laid down in the cases of Manwaring v. Geisler, 191 Ky. 532, and Sauer v. Fidelity and Deposit Co., 192 Ky. 758, the stipulation would be binding on the surety whether it was required by the law to be inserted in the bond or not. See also 29 Cyc. 1454 and section 3751 of the present statutes, which latter expressly imposes liability in such cases.

It is next insisted that instruction number 1, given to the jury, is erroneous in that it ignored the right of the officer to use such force as reasonably appeared to him to be necessary to effect the arrest of plaintiff and to overcome any resistance offered by him thereto. The contention contains a sound principle of law where there exist any facts supporting it, but in this case it is not pretended that any resistance whatever was offered by plaintiff to the officer at the time of the arrest.

Instruction number 4 is likewise criticised because it did not limit the amount of the recovery against the surety to one thousand dollars, but authorized a general verdict for any amount which the jury agreed upon under the evidence not to exceed the sum sued for, ten thousand dollars. Technically, that instruction did not follow the strict right of the parties, but when the jury returned a general verdict of fourteen hundred dollars and the court rendered judgment against the surety for only the amount of its bond, the technical error in not confining the recovery against it to the latter sum was completely cured and the failure of the court in the respects mentioned cannot in any sense be regarded as prejudicial.

Lastly, it is insisted that the verdict is excessive and is not sustained by the evidence. As we have hereinbefore said, a number of eye-witnesses supported plain-

tiff's testimony as to how the assault occurred, and while the policeman and some of his witnesses contradicted plaintiff's testimony the issue was preeminently one for determination by the jury, and we are not only not prepared to say that its verdict was contrary to the evidence, but we think that it was abundantly supported by it. Plaintiff was not only severely and painfully wounded at the time, but it was proven beyond question that he has partially lost the sight of one of his eyes as a consequence of the assault, which fact alone would be sufficient to sustain the size of the verdict.

Upon the whole case we find no err authorizing a reversal of the judgment, and it is accordingly affirmed.