## Indemnity Insurance Company of North America v. Bonta.

(Decided December 17, 1926.)

### Appeal from Henry Circuit Court.

1. Municipal Corporations—Punitive Damages Not Allowable Against Surety on Police Officer's Bond.—Punitive damages cannot be recovered from surety on police officer's official bond.

2. Trial—In Action for Injuries Caused by Policeman, Instruction Submitting Legal Question Whether Arrest was Lawful or Unlawful Held Erroneous.—In action against policeman and surety on his bond for injuries caused by policeman while arrecting plaintiff, instructions submitting legal question as to whether arrest was lawful held erroneous, since court should have told jury what was lawful arrest.

3. Municipal Corporations—Surety was Not Liable for Injuries by Policeman Unless he Acted Within Scope of Authority.—Unless policeman acted within scope of authority at time of injury to plaintiff, surety was not liable because acts of officer were individual.

4. Municipal Corporations—Bondsman is Liable for Unnecessary Injuries by Officer Making Arrest.—Where policeman, acting in good faith, attempts to place one under arrest after he has committed public offense in officer's presence, and officer unnecessarily strikes or injuries him, officer's bondsman is liable for damages.

5. Municipal Corporations—Policeman is Liable for Wrong Done while Making Arrest.—Policeman is liable for any wrong done while arresting plaintiff, whether arrest was lawful and he was acting under color of official duty, or whether he was acting in individual capacity.

BECKHAM, GILBERT & MATTHEWS and FRED FORCHT for appellant.

TURNER & TURNER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Alleging that Policeman Adams, of Eminence, while having him "under arrest, unlawfully, wilfully, cruelly

and maliciously beat and struck him with a stick, club and fist upon his head, nose, shoulder, arms and body, causing him great injury,'' appellee Bonta prayed the Henry circuit court to award him damages against the officer and the surety on his official bond, Indemnity Insurance Company of North America. He was awarded $750.00 against the joint defendants and the indemnity company appeals.

Several different grounds are relied upon by the surety for reversal of the judgment, some of them being (a) failure of the trial court to direct a verdict in its favor on the ground that the acts of the policeman, if unlawful, were individual and not official; (b) inasmuch as the evidence for the plaintiff shows that he had not committed a public offense in the presence of the officer and was not suspected of the commission of a felony and the officer had no warrant for his arrest, the striking and wounding by the officer were outside of his official duties and the surety is not liable; if, on the other hand, the striking and injury occurred, as claimed by the officer, and was the result of the wrongful acts and conduct of the plaintiff in refusing to submit to lawful arrest, he was not entitled to recover on the bond, and, therefore, the court should have under either phase of the case instructed the jury to find for the surety; (c) failure of the trial court to sustain a motion for judgment *non obstante veredicto;* (d) the court erred in authorizing punitive damages; (e) the damages are excessive, and (f) the verdict is not sustained by the evidence, and the court admitted incompetent evidence over the objection of appellant.

We will briefly recite the facts: Appellee, Bonta, testified in deposition as upon cross-examination. in substance, that he was a married man living in Eminence with his family at the time of the happening of the events out of which this suit arose. On the night in question his wife went to a public dance contrary to his wishes, and he went to the dance hall about nine o'clock to persuade her to return home, carrying with him their baby. After some conversation Bonta and his wife, with the baby, went to their home, though she did not remain there long but left her husband and baby and returned to the dance hall. After the baby was asleep Bonta again went to the dance hall, about 12 o'clock, pushed the door open so as to catch the eye of his wife, signalled her to come to him, which she did, and they started to go home, when Policeman Adams, who was near, offered to go with

them, and when told that it was not necessary, pursued appellee, Bonta, cursing him and striking him over the head with a billet, knocking him down and otherwise ill-treating him; that he was not doing anything to provoke the assault, and was not guilty of a public offense in the presence of the officer and was not suspected of a felony. According to his version, the assault was malicious and entirely outside the scope of the duties of the policeman and wholly unauthorized. At the trial he testified, in substance, the same, but said that when he went into the dance hall on his second trip and engaged in conversation with his wife, the talk being somewhat loud, attracted the attention of the dancers and thus interrupted the assembly, but he continued to say that the policeman struck him from behind with a billet at a time when he was not under arrest and when the striking was altogether unnecessary. The rule governing such cases is fully set out in the cases of Jones v. Vanbever, 164 Ky. 80; Taylor v. Shields, 183 Ky. 669; 3 A. L. R. 1619. There it was, in substance, held that a police officer who makes an arrest without a warrant or other judicial authority, of a person who has not committed a public offense in or out of his presence and who the policeman has not reasonable grounds to believe has committed a felony, is not acting within the scope of his authority as an officer and the surety on his official bond is not liable for the trespass.

Appellee, Bonta, in his original petition averred he was guilty of no public offense either in or out of the presence of the officer and that the officer had no warrant for his arrest, and did not have reasonable grounds for believing that Bonta had committed a felony, and, notwithstanding this, assaulted and beat Bonta at a time when Bonta was peaceably submitting to the officer. Later, however, he amended his petition and withdrew his averment to the effect that he had not committed a public offense and alleged, in substance, that he had committed a breach of the peace in going to the dance hall and raising a disturbance with his wife, and sought to bring himself within the rule laid down in the Vanbever case and the Shields case, to which we have called attention.

The officer's version of the occurrence is very different from that given by appellee, Bonta, being, in substance, that when Bonta came for his wife the second time he was cursing and abusing the officer and when the

officer attempted to arrest him he ran from the officer down the street, looking backward at the officer, and in doing so; stumbled and fell on a pile of rocks, inflicting all the injuries on his face and head of which he complains; that he did not strike the plaintiff with his billet or otherwise, but that all of the injuries of which he complains were occasioned by his 'wrongful act in fleeing when commanded to submit to arrest. Certainly the officer was not liable if the incident happened as related by him and his witnesses. Nor was the surety liable for the injury of Bonta if it came about in the manner stated by him, although the officer may be liable personally for assault and battery.

The court erred in its instructions to the jury. Punitive damages are never allowable against a surety on an official bond. Growbarger, &c. v. U. S. Fidelity and Guaranty Company, etc., 126 Ky. 118; Johnson v. Williams' Admr., 111 Ky. 289. The instructions were erroneous in other particulars, especially in that the court submitted to the jury the legal question as to whether the arrest was lawful or unlawful, whereas the court should have told the jury, in substance, what was a lawful arrest by telling the jury upon what grounds and under what circumstances an officer will be justified in making an arrest. In substance, the court should have said: If you believe from the evidence that appellee, Bonta, in the presence of the police officer committed a public offense by talking loudly and boisterously in the dance hall, to the disturbance of the people gathered therein, and that the police officer then and there and for that reason placed appellee, Bonta, under arrest, and while having him in custody pursuant to the arrest, wrongfully and unnecessarily struck, beat and injured Bonta at a time when it was not necessary in order to transport Bonta to prison or to prevent his escape, and at a time when Bonta was not unreasonably insubordinate, to find for Bonta. The court should have further instructed the jury, in substance, that if it believed from the evidence that after the arrest Bonta attempted to escape and the officer, to prevent his escape, struck and injured Bonta, employing no more force than was reasonably necessary to prevent the escape, the law is for the defendants; or, if the jury believe from the evidence that the injuries of which Bonta complains resulted to him when he fell upon the rocks while fleeing in his wrongful attempt to escape

from the officer after the arrest, as testified to by the officer, to find for the defendants. An instruction, in substance, the same as No. 3, given by the court to the jury on the last trial, should also be given, together with one upon the measure of damages. Clearly, unless the officer was acting within the scope of his authority at the time of the injury of appellee, Bonta, and his injury resulted from the acts of the officer, the surety is not liable because the acts of the officer were individual; but if, on the other hand, the officer, acting in good faith as such, placed or attempted to place Bonta under arrest after Bonta had committed a public offense in his presence, and the officer while in the discharge of his duties as such, unnecessarily struck, beat or injured appellee, Bonta, he and his bondsmen must respond in damages. He is liable in any event for any wrong done to Bonta, whether in his individual capacity or under color of official duty. For the errors indicated the judgment is reversed for new trial consistent with the views herein expressed.

Judgment reversed.