## Young v. Amis, et al.

(Decided June 10, 1927.)

Appeal from Jefferson Circuit Court
(Common Pleas, Second Division).

1. Municipal Corporations.—Under Criminal Code of Practice, section 36, in action against policeman and surety on official bond for shooting plaintiff while attempting to escape after arrest on suspicion of felony, petition held to state cause of action on demurrer.
2. Arrest.—Although in arresting person, who has committed felony, officer may use necessary force, or such force appearing necessary, even to taking life, he is not justified in killing to effect arrest or prevent escape on mere suspicion of felony, and in such case he can justify only on ground that felony has been committed.
3. Municipal Corporations.—Police officer, without warrant for arresting person who has committed no offense in his presence, and whom he has no reasonable grounds to believe has committed felony, acts without scope of his authority, and his surety is not liable for the trespass.

4. Pleading.—Averments of petition are to be considered true on demurrer thereto.

ROBERT HUBBARD for appellant.

WILLIAM J. GOODWIN for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee John G. Amis was a policeman of the city of Louisville during the year 1926, and his coappellee, the Fidelity & Deposit Company of Maryland, was surety on his bond. The appellant, Herbert Young, who was the plaintiff below, brought this action against Amis and his surety; it being alleged in the petition that on March 24, 1926, in Louisville, Ky., while the defendant Amis was acting in his official capacity as a police officer, and, while acting within the scope of his authority as such officer, he arrested the plaintiff, and that, although the plaintiff was not guilty of any felony or other crime, yet the defendant Amis had reasonable grounds for believing, and did believe that plaintiff had commmitted a felony, and that immediately after. making the arrest Amis started to the telephone, and thereupon plaintiff ran, and Amis willfully and maliciously used more force than was reasonable or at all necessary to retake the plaintiff by shooting him in the right hip and leg and breaking his leg.

A demurrer to the petition was filed by both defendants, and was overruled as to Amis and sustained as to the surety. Plaintiff then filed an amended petition, which contained substantially the same averments as the petition. The demurrer of the surety to the petition as amended was sustained, and the trial court reconsidered its former action, and sustained the demurrer of the defendant Amis to the petition. The plaintiff declined to plead further, and judgment was entered dismissing the petition as amended, and from that judgment this appeal is prosecuted.

The appellees insist that the demurrers to the petition and the amended petition were properly sustained, since (1) certain allegations of the petition as amended are not allegations of fact, but are simply the pleader's conclusions and are not admitted by the demurrer, and (2) a police officer has the right to shoot a person who has been arrested by him on a felony charge when the person

arrested is attempting to escape by running away. It is further insisted on behalf of the surety that, if the officer willfully and maliciously used more force than was necessary, then he was acting without the scope of his authority, and solely as an individual, and consequently the surety is not liable.

It may be conceded that some of the allegations in the petition as amended are simply the pleader's conclusions but the petition does allege as facts that the plaintiff, though guilty of no offense, was arrested by the defendant officer; that at the time the arrest was made the officer had reasonable grounds for believing, and did believe, that plaintiff had committed a felony; that, while attempting to run away, he was shot by the officer and seriously injured.

Unless an officer is justified in killing one to prevent his escape on mere suspicion that he has committed a felony, the petition states a good cause of action. Under section 36 of our Criminal Code a peace officer may make an arrest in obedience to a warrant of arrest delivered to him or without a warrant when a public offense is committed in his presence, or when he has reasonable grounds for believing the person arrested has committed a felony. In arresting a person who has committed a felony, an officer has the right to use such force as is necessary, or appears to him to be necessary, for the purpose, even to the taking of the felon's life, but an officer is not justified in killing one in order to effect his arrest or prevent his escape on mere suspicion that he has committed a felony, and in such a case he acts at his peril, and can justify only on the ground that a felony has been committed. Mylett's Adm'r v. Burnley, 163 Ky. 277, 173 S. W. 759; Rawlings & Spivey v. Commonwealth, 191 Ky. 401, 230 S. W. 529. In Petrie v. Cartwright, 114 Ky. 103, 70 S. W. 297, 24 Ky. Law Rep. 903, 904, 59 L. R. A. 720, 102 Am. St. Rep. 274, this court said:

"We have been unable to find any common-law authority justifying an officer in killing a person sought to be arrested, who fled from him, where the officer acted upon suspicion, and no felony had in fact been committed. The common-law rule allowing an officer to kill a felon in order to arrest him rests upon the idea that felons ought not to be at large, and that the life of a felon has been forfeited; for felonies at

common law were punishable with death. But where no felony has been committed the reason for the rule does not apply, and it seems to us that the sacredness of human life and the danger of abuse do not permit an extension of the common-law rule to cases of suspected felonies. To do so would be to bring many cases of misdemeanor within the rule, for in a large per cent. of these cases the officer could show that he had reasons to suspect the commission of a felony, and it would be left entirely with him to say whether he was proceding against the defendant for a misdemeanor or for a felony. The notion that a peace officer may in all cases shoot one who flees from him when about to be arrested is unfounded. Officers have no such power, except in cases of felony, and there as a last resort, after all other means have failed. It is never allowed where the offense is only a misdemeanor, and where there is only a suspicion of felony the officer is not warranted in treating the fugitive as a felon. If he does this, he does so at his peril, and is liable if it turns out that he is mistaken. He may lawfully arrest upon a suspicion of felony, but he is only warranted in using such force in making the arrest as is allowable in other cases not felonious, unless the offense was in fact a felony.''

The defendant Amis therefore had no right to shoot the plaintiff while he was in flight, unless the plaintiff had in fact committed a felony.

It appears that the trial court sustained the surety's demurrer to the petition as amended on the authority of Taylor v. Shields, 183 Ky. 669, 210 S. W. 168, 3 A. L. R. 1619, and Fidelity & Casualty Co. of New York v. White, 209 Ky. 402, 272 S. W. 902. In neither of those cases were the facts similar to those alleged in the petition in the instant case. In the Taylor case it was alleged in the petition that the arrest of Taylor "was wrongful and without warrant or judicial order, or other authority of law, and at said time plaintiff (Taylor) was acting in a quiet, peaceable and law-abiding manner, and he had not committed any breach of the peace, or committed any offense, either a misdemeanor or felony, in or out of the presence of defendants, or either, and that neither of said defendants had reasonable grounds to believe plaintiff (Taylor) had committed a misdemeanor or felony.''

It was held that the acts of the policemen as alleged were their individual acts, and not their official acts, or acts done by virtue of their office, and that therefore their surety was not liable. In the case of the Fidelity & Casualty Co. v. White the policemen in good faith believed that White had committed a felony, but that belief was the result of negligent misunderstanding of the facts, and there was in fact no reasonable grounds for their so believing, and it was held that, while an official bond of a police officer is designed to protect the public against his official misconduct, it is not designed to protect the public against his private misconduct, and that the surety on such bond is not liable for the negligent exercise of the arresting power as distinguished from the malicious abuse of that power.

The rule deducible from the authorities referred to is that a police officer is acting without the scope of his authority, when without a warrant he arrests a person who has committed no offense in his presence and he has no reasonable grounds to believe that a felony has been committed by the person arrested. Under such circumstances the surety is not liable for the trespass. Rice v. Lavin, 199 Ky. 793, 251 S. W. 990; Indemnity Insurance Co. of N. A. v. Bonta, 217 Ky. 265, 289 S. W. 231.

If the averments of the petition are true, and they are so considered upon demurrer, then Amis, having reasonable grounds to believe that appellant had committed a felony, arrested him, and then shot and injured him when he was attempting to escape. These acts occurred while the officer was acting in his official capacity, and if, in fact, the appellant had committed no felony, or if the officer used more force than was reasonably necessary under the circumstances to effect the arrest or prevent appellant's escape after the arrest had been made, then the officer and his surety are liable for the trespass. If, as contended by appellee Fidelity & Deposit Company, the police officer ceased to act in his official capacity, and acted only as a private individual when he used more force than was necessary to recapture appellant, then the surety would never be liable upon the bond, since, of course, neither the officer nor his surety can be held liable for lawful acts done by the former in discharge of his duty. The cases cited by appellee and hereinbefore referred to announce no such rule.

Being of the opinion that the petition as amended stated a good cause of action as to both of the appellees, the judgment is reversed, with directions to overrule the demurrers thereto.