## McDonald v. Lunsford et al.

(Decided Feb. 28, 1933.)

S. H. RICE for appellant.

SHUMATE & SHUMATE and H. E. HAY for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appellant, J. W. McDonald, sued the appellees, J. D. Lunsford, and the surety on his bond, as chief of police of Irvine, for damages for assault, false arrest, and imprisonment. The verdict was for the defendants.

According to McDonald, late in the afternoon while he was sitting in his yard reading a paper, 'the officer came in and asked what was the matter, and "I told him wasn't anything, only I had whipped the oldest girl of mine and the old lady and the girl was having a fit over it on the porch." His daughter was sixteen years old and a high school student. In telling what then took place, McDonald testified:

"And my wife was crying and cutting up, she was squalling, her and the kids both on the porch, and

'they began to tell him a jolly lot, and he said, 'Well, I have got to arrest you and take you to town'; and I said 'Where are your papers? Have you any papers?' He said 'I don't have to have any papers'; and I said 'all right'; I got up and started, and he put me in the car, and I told him when we turned the corner out here that I could make bond; he said 'No, you are going to jail'; and I said 'No, I can make bond,' and he said 'No, you are going to jail,' and I said 'all right,' and he put me in jail. I asked the jailer who could I call anyone to make bond and he said 'No'; after awhile a colored fellow, Henry Beatty came along and I told him to go in a few minutes after R. W. Smith came by himself, after I had seen Beatty.''

On cross-examination, over his counsel's objection, he was asked what his wife said, and answered that she told the officer he had whipped the girl and that was all he remembered because she was talking like a graphophone and so fast he couldn't understand what she did say. He denied having had anything to drink that day except water, and that he had cursed the officer before his arrest, but admitted that on the way to the jail he cursed and offered to whip him. He remained in jail not over an hour and a half when bond was executed. Plaintiff's daughter substantially corroborated him. It was pretty well shown that, although it was after office hours, the police judge and a magistrate were available in their respective homes, before whom plaintiff claims he should have been immediately taken.

The defendant Lunsford testified that he went to the plaintiff's home upon information that he was desired there. In the presence of the plaintiff, Mrs. McDonald told him that he had "beat them all nearly to death and she wanted something done about it.'' Before he said anything to McDonald he had called him "a G—— d—— s—— of a b—— and to get the hell away from there.'' On the way to 'the jail the plaintiff again cursed him. The odor of whisky was on his breath, and he was under the influence of liquor. The reason the prisoner was not taken before a magistrate was that he "seemed to be in a drunken, crazy condition,'' and 'the officer was afraid he would hurt his family if turned loose. The next morning McDonald was tried in police court upon a warrant then issued,

charging him with breach of the peace, and was found not guilty. No objection was entered to the officer's testimony as to what the wife had said or to the cursing of the defendant on the way to jail, but at the close of his testimony a motion to exclude it was overruled and exception taken. The defendant was corroborated by other witnesses as to what had occurred.

It is apparent that under the evidence for the defense, the officer was justified in arresting McDonald on the charge of public drunkenness or breach of the peace or profane swearing in his presence. Rice v. Lavin, 199 Ky. 790, 251 S. W. 990. Section 1319 of the Statutes is sometimes overlooked. It is as follows·

"If any person shall profanely curse or swear, * * * he shall be fined one dollar for each offense; and every oath shall be deemed a separate offense. If either of the offenses in this section be committed in the presence of a justice of the peace, or of any court of record, the justice of the peace, or such court, may instantly, without further proof, inflict the penalty."

To sustain the argument of the improper admission of statements of the plaintiff's wife to the arresting officer, the appellant relies upon Thomas v. Commonwealth, 195 Ky. 623, 243 S. W. 1. That was a prosecution of the husband for murder. It was held proper to have excluded testimony as to what the wife of the accused had said to him and the man he killed in seeking to prevent the difficulty. That evidence went to the guilt or innocence of the defendant on trial, and it does not appear from the opinion that it was a part of the res gestæ. It was a part of the res gestæ here, for the matter being tried was what occurred at the time the arrest was made. Sherley v. Billings, 71 Ky. (8 Bush) 147, 8 Am. Rep. 451; Rice v. Lavin, supra. But we need not determine whether the statements were admissible or not under a strict interpretation and application of the rule which excludes statements of those not actors or participants in a transaction or occurrence, or under the limitations upon a wife testifying for or against a husband. But see 22 C. J. 451. The testimony objected to was but little more than what the plaintiff had voluntarily testified on his direct examination. It was but another stroke of the

brush adding a little color to the picture he had already painted. We cannot perceive that the plaintiff was prejudiced by the failure of the court to exclude the evidence objected to.

The admitted cursing by the plaintiff on the way to jail was clearly admissible. It tended to sustain the officer's belief and testimony that McDonald was drunk, and cannot be regarded as coming within the class of things inadmissible in evidence on the ground that an officer may not justify an unlawful arrest by subsequent acts of the prisoner.

Therefore the judgment is affirmed.