## England v. Kinney.

(Decided Feb. 8, 1938.)

WALTER W. REYNOLDS and SIDNEY TRIVETTE for appellant.

BURKE & SANDERS and R. W. KEENON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Affirming.

This is an appeal from a judgment of the Pike cir-

cuit court dismissing the petition of appellant as amended on a demurrer thereto. In his original petition appellant alleged that he and two others, in July, 1936, employed the appellee to take them in his taxicab from Pikeville to Jenkins and return. He alleged that on the return trip "a man, who he afterwards ascertained was an officer, came out into the road with a flashlight and ordered the defendant Kinney to stop his taxi." He says that, instead of stopping his car, appellee ran it around the person ordering him to halt; and the officer shot into the rear end of the taxicab and wounded appellant. By his amended petition appellant alleged that after he and the defendant arrived at Jenkins, they both heard that a deputy sheriff had been killed and that officers in both Pike and Letcher counties were searching for the murderer and were searching all cars that came out of Jenkins into Pike county. Appellant did not withdraw the allegations of his original petition and makes no attempt here to justify the inconsistency between the averments of the original and the amended petitions. He relies specifically on the alleged negligence of the appellee in failng to stop at the command of the officer.

It may well be doubted whether the ordinary prudent man would stop his automobile on a lonely country road in the nighttime at the command of one who might be a highwayman. Here, however, we have a positive allegation that appellee knew that the person attempting to stop him was an officer. Under these circumstances, did appellee violate any duty he owed to the appellant in failing to stop? We think not. Appellee is not answerable for the consequences of his action not reasonably to be foreseen. The officer had no right to shoot on a mere suspicion that some one in the taxicab had committed a felony. Mylett's Adm'r v. Burnley, 163 Ky. 277, 173 S. W. 759. Appellee, therefore, cannot be said to have acted unreasonably in failing to anticipate that the officer might shoot at his passengers. The petition does not allege that any public offense was committed in the presence of the officer, nor does it aver any facts showing that such officer had reasonable grounds for believing that some one in the taxicab had committed a felony and that he shot in an attempt to arrest such person. Criminal Code of Practice, sec. 36.

34

Waiving the inconsistency between the original petation and the amended petition, it is obvious that neither one of them, nor for that matter both of them together, states a cause of action against appellee. It follows that the court did not err in sustaining the demurrer.

Judgment affirmed.