## Ridner v. Ken-Ten Coach Lines, Inc.

November 19, 1946.

Will H. Caylor and Joe E. Caylor for appellant.

Stephens & Stephens for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appellant in her petition alleged that in July 1945, she purchased a ticket entitling her to passage from Whitley City to Honey Bee, McCreary County, on a bus operated by appellee. She said that the bus driver accepted her ticket while he was "standing on the ground and told her to get on; that when she entered the bus she was compelled to sit on the lap of a fellow passenger, and that in sitting down, in order to assist herself, she took hold of the door post and while holding same the driver negligently closed said door, or permitted someone else

to close it, catching her fingers between the door and door post with such violence as to mash and mangle her fingers." She alleges that the injury caused her much pain and suffering, for which she asked damages, plus recovery for loss of time and medical treatment. She alleged that "it was the duty of defendant by its agent and employe to care for the safety of passengers on its bus, and at all times to see to the opening and closing of the doors on said bus."

Before further proceedings the parties filed a stipulation for the purpose of making "plaintiff's petition more definite and certain." It was agreed that plaintiff had purchased the ticket entitling her to passage. The second paragraph of the agreement stated: "That plaintiff handed her ticket to the driver, who was standing on the ground beside the bus. The driver told plaintiff to get on the bus and to sit in the lap of another passenger. Plaintiff did this, taking hold of a door post to assist herself. A passenger seated in front of her pulled the door shut before plaintiff had removed her hand, thereby injuring her fingers. The bus had several doors, each opening at a row of seats." This stipulation was treated by parties and the court as an amendment of the petition. Defendant then filed general demurrer to the petition as amended, and upon submission the court sustained it, and upon plaintiff's declination to plead further dismissed the petition.

Counsel for appellant furnishes us with no authority which would lead us to conclude that the court erroneously sustained the demurrer. On the other hand appellee cites the recent case of Ken-Ten Coach Line v. Davis, 289 Ky. 329, 158 S. W. 2d 624, 626, as being conclusive of the question here presented. Without reciting the facts in that case we are of the opinion that upon the one point, that of showing negligence on the part of defendant, or its employe, what we concluded is applicable; we said "there does not appear any fact in the case imposing a duty on the defendant's agent in charge of the bus to open and close its door, or to in anywise participate or assist plaintiff in alighting from the bus, or in re-entering it, or in either opening the door or closing it." We cited Illinois Cent. R. Co. v. Cruse, 123 Ky. 463, 96 S. W. 821, 8 L. R. A., N. S., 299, 13 Ann. Cas. 593 and Louisville & N. R. Co. v. Bowman, 208 Ky. 39, 270 S. W. 471, reaffirm-

ing the rule that "ordinarily the trainmen are not under a legal duty to assist passengers on or off the trains; nor is such duty imposed in a case of a sick or infirm person unless the infirmity is obvious or a request for assistance is made," citing cases in which the contra rule was applied under facts peculiar to the case.

Aside from the general rule announced in the Davis case, supra, it may be noted that we held, as in other cases following the general rule, that a carrier may not be held liable for injuries to passengers caused by the negligent or meddlesome conduct of fellow-passengers, unless the carrier had notice of the conduct and had reason to anticipate that injury might result therefrom. Louisville and Interurban R. Co. v. Rommele, 152 Ky. 719, 154 S. W. 16, Ann. Cas. 1915B, 267; Slaven v. Baltimore & O. R. Co., 114 W. Va. 315, 171 S. E. 818; Dumas v. Missouri, K. & T. R. Co., Tex. Civ. App., 43 S. W. 908; Pennsylvania R. Co. v. Cook, 180 Md. 633, 26 A. 2d 384, 140 A. L. R. 1188; Louisville & N. R. Co. v. O'Brien, 163 Ky. 538, 174 S. W. 31, Ann. Cas. 1916E, 1084. It is obvious that the petition as amended did not state a cause of action, hence the court properly sustained the demurrer and dismissed the petition upon failure to plead further.

Judgment affirmed.