## Wise v. Fannin.

January 16, 1948.

Watt M. Prichard, Judge.

J. S. Fullerton for appellant.

John W. McKenzie for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS— Affirming.

Appellant, Mrs. Sadie Wise, sought to recover of appellee, C. E. Fannin, doing business as Blue Ribbon Lines, the sum of $2,565 for personal injuries alleged to have been received by her while boarding a bus of appellee in Ashland. At the conclusion of appellant's evidence the court sustained appellee's motion for a directed verdict and Mrs. Wise appeals.

Appellant's proof shows that on Feb. 10, 1946, she went to Thirteenth Street in Ashland where she found a bus of appellee parked in front of the bus station. The door of the bus was open but the driver was not

present, he having gone into the bus station leaving the bus unattended by any employee of appellee. It was appellant's intention to take passage on the bus to Ironton, Ohio. Some little Negro boys were on the bus, one of whom was sitting in the driver's seat, and as Mrs. Wise boarded the bus he gave the door a slam causing it to strike her and break one of her ribs. The boy who slammed the door was not an employee of appellee but only a passenger on the bus.

It is insisted by appellant that it was the duty of appellee to either keep the door of the bus closed or else have some employee in charge to supervise the loading of passengers, and his failure to do so was negligence upon the part of appellee who owed her as a passenger the highest degree of care. Appellee argues that as a common carrier he is not liable for the negligence of a passenger in closing the door on Mrs. Wise.

There can be no doubt that the relation of carrier and passenger arose between Mrs. Wise and appellee as soon as she started boarding the bus with the intention to take passage to Ironton and to pay her fare. 4 Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., sec. 2142. Likewise, there is no doubt as to appellee being a common carrier of passengers and that he owed Mrs. Wise the highest degree of care in transporting her to protect her from dangers that foresight can anticipate, and to exercise the utmost skill, diligence and foresight for her safety, consistent with the practical operation of his bus. 4 Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., sec. 2151.

The law imposes no duty upon a common carrier to assist a passenger in boarding or alighting from its vehicle, in the absence of a request from the passenger for such assistance or circumstances showing an employee of the carrier had notice that such passenger needed assistance. Ken-Ten Coach Co. v. Davis, 289 Ky. 329, 158 S. W. 2d 624. Nor is a common carrier liable to a passenger for injuries caused by the negligence of a fellow passenger or a stranger when the action of such fellow passenger or stranger could not have been reasonably foreseen. England v. Kinney, 272 Ky. 32, 113 S. W. 2d 838; Slaven v. Baltimore & O. R. Co., 114 W.

Va. 315, 171 S. E. 818; Schwerin v. H. C. Capwell Co., 140 Cal. App. 1, 34 P. 2d 1050.

Although appellee owed Mrs. Wise the highest degree of care, a breach of duty by its driver can only be found in his failure to exercise proper diligence in the circumstances. As we recently wrote in Howard v. Fowler, 306 Ky. 567, 207 S. W. 2d 559, ''While (a bus driver) may be bound to apprehend danger, his duty is limited to the natural and probable. He is not bound to anticipate nor take precautions against the unforeseeable in the normal course of events.'' It would be unreasonable to require the driver of a bus, or some other employee, to remain with the bus all the time and not leave it for an instant when there is no reason to anticipate that a passenger boarding or alighting from a standing and unguarded vehicle would be injured by the negligence of a fellow passenger.

In the circumstances presented by this record there was no negligence in the driver of the bus leaving it unattended while standing in front of the bus depot with the door open ready for passengers to board it. The trial judge properly directed a verdict in favor of appellee, and the judgment is affirmed.