**WYATT et al. v. HIGGENBOTHAM.**

Court of Appeals of Kentucky.

Dec. 21, 1951.

Murray L. Brown, Robert B. Bird, London, for appellants.

J. Milton Luker, Roy Tooms, Jr., London, for appellee.

WADDILL, Commissioner.

An appeal is sought from a judgment awarding appellee $260 for an injury to a finger alleged to have been caused by the negligence of appellants.

The evidence disclosed that appellant, Wyatt, operates a fleet of taxicabs. On the occasion of her injury, appellee engaged one of Wyatt's cabs, driven by Wyatt's agent and coappellant, Miller, to drive her to her home. Upon reaching her destination, appellee alighted by the door on the right side of the cab and Miller by the left door. While Miller was removing appellee's parcels from the trunk in the rear of the taxi, appellee undertook to remove her packages from inside the cab and while she was thus engaged, its door swung shut mashing her finger. Appellee testified that the taxi was parked with the right rear wheel in a ditch which caused the body of the car to "tilt." She admits that she did not ask Miller to assist her in alighting from the taxi or to help her

remove her bundles. She further admits that she was familiar with the place where the cab had stopped and knew of the manner in which it was "tilted" before she alighted.

Appellants argue that they were entitled to a directed verdict because, (1) appellee failed to prove negligence on their part and (2) appellee was guilty of contributory negligence as a matter of law. Appellee contends that appellants were negligent in that Miller did not choose a safe place for her to alight from the cab.

 The proven facts and circumstances are undisputed, hence, the question presented is one of law. We have no difficulty in deciding that appellants' contentions are well taken and the court erred in failing to direct a verdict in their favor. Southeastern Greyhound Lines v. Woods, 298 Ky. 773, 184 S.W.2d 93. In the event the evidence is substantially the same on another trial the court will direct a verdict in favor of appellants.

Wherefore the motion for appeal is sustained; the appeal is granted and the judgment of the circuit court is reversed for proceedings not inconsistent with this opinion.