**Hallie DANIELS, Appellant,**

v.

**Lee PEDIGO, Appellee.**

Court of Appeals of Kentucky.

Oct. 14, 1960.

Terry L. Hatchett, Glasgow, for appellant.

Charles H. Reynolds, Bell, Orr & Reynolds, Bowling Green, for appellee.

MOREMEN, Judge.

Appellant, Hallie Daniels, sought to recover damages for injuries received by her after she alighted from a taxicab owned and operated by appellee, Lee Pedigo. At the conclusion of the evidence by appellant, appellee's motion for a directed verdict was sustained and, from the judgment entered thereon, this appeal is prosecuted.

Appellant engaged the taxicab to take her to her home. She and Pedigo agreed that Nellie Poynter also might ride in the cab. Mrs. Daniels had a rather large sack of groceries with her which she set on the floor of the cab between her and the driver. Mrs. Poynter rode in the back seat. When they arrived home, Pedigo stopped the taxicab in a joint driveway between the residences of the two women. The women alighted from the conveyance and Mrs. Daniels who stated that she had a bad back and found it necessary to brace herself, laid her hand on the doorpost and reached back into the car to get her bag of groceries. While her hand was still in the same position, Mrs. Poynter shut the back door and Mrs. Daniels' hand was injured. The appellee was sitting under the steering wheel during this period and there is a dispute in the evidence as to whether he was watching her at this time. However, Mrs. Daniels testified that she had not asked the driver to help her get out of the car.

In support of her position that the carrier is liable under such conditions, appellant cites the case of Ridner v. Ken-ten Coach Lines, Inc., 303 Ky. 303, 197 S.W.2d 773. We find, however, that this case lends no support to appellant's contention that the motion for a directed verdict should have been overruled.

In the Ridner case it was stipulated and treated as being a part of the petition on demurrer:

"That plaintiff handed her ticket to the driver, who was standing on the ground beside the bus. The driver told plaintiff to get on the bus and to sit in the lap of another passenger. Plaintiff did this, taking hold of a doorpost to assist herself. A passenger seated in front of her pulled the door shut before plaintiff had removed her hand, thereby injuring her fingers. The bus had several doors, each opening at a row of seats."

It was held that the trial court had properly sustained the demurrer to the petition.

In Wyatt v. Higgenbotham, Ky., 244 S.W.2d 750, the passenger had engaged a cab, owned by Wyatt and driven by Miller, to drive her to her home. Upon reaching her destination she alighted by the door on the right side of the cab and Miller by the left door. While Miller was removing parcels from the trunk in the rear of the taxi, she undertook to remove packages from the inside of the cab and while she was thus engaged, its door swung shut mashing her finger. The evidence disclosed that the taxi was parked with the rear wheels in a ditch which caused the body of the car to tilt. The plaintiff admitted that she was familiar with the place where the cab had stopped and knew of the manner in which it was tilted before she alighted. We held that a directed verdict for the cab company should have been given. See Southeastern Greyhound Lines v. Woods, 298 Ky. 773, 184 S.W.2d 93.

We believe the trial court here properly recognized the rule that a common carrier is not liable to a passenger for injuries caused by the negligence of a fellow passenger or stranger when the action of such person could not have been reasonably foreseen and prevented by the carrier. Wise v. Fannin, 306 Ky. 327, 207 S.W.2d 764.

The trial court properly directed a verdict for appellee and the judgment is therefore affirmed.